## George Dawson *vs.* Davis Prichard.

### July Term, 1871.

1. Where a bill of exceptions taken on the refusal of the court to exclude from the jury certain evidence, which had been given on behalf of the plaintiff, and received without objection, which tended to prove certain facts, fails to set out the evidence produced, and where it also does not appear at what time the motion was made; although it would seem to be improper evidence, yet, in the absence of it, and without knowing the position of the parties and the circumstances under which the motion to exclude was made, this court cannot determine whether it was improperly overruled or not; or that the evidence received without objection, may not possibly have been admissible at the time it was offered.

2. A bill of exceptions alleges that the defendant offered evidence tending to rebut and disprove the plaintiff's testimony referred to in the bill, and that the evidence so offered was excluded; which is held erroneous, no grounds for the exclusion being apparent.

3. A case in which the grounds on which a motion for a new trial was based, were held insufficient.

This was an action of assumpsit brought by Davis Prichard against George Dawson, in the circuit court of Marion county, to March rules, 1868. The plaintiff filed a bill of particulars containing numerous items of account, among others one charging the defendant with the payment of a certain order on one Burgoyne in favor of one Dudley, drawn by the defendant.

The record appears confused and is greatly deficient in the incidents of the trial. But it appears by a bill of exceptions that after the plaintiff had introduced evidence tending to prove his account, and especially the item in relation to the order before mentioned, and that a settlement had been had between plaintiff and defendant, and that a certain note in satisfaction of the amount found due the plaintiff, had been assigned to his wife by the defendant, (which note was not

specified in the bill of particulars, however,) that the defendant offered to introduce evidence tending to prove that no settlement had been had between the parties, and that the note was not assigned to the wife of the plaintiff. But the court overruled the defendant's motion to introduce such testimony.

The jury found for the plaintiff, and the court rendered judgment thereon, after overruling a motion to set the verdict aside and grant a new trial.

The defendant brought the case here on a writ of error.

*George H. Lee* for the plaintiff in error.

*A. F. Haymond* for the defendant in error.

BERKSHIRE, P. The first objection urged against the judgment complained of, is the action of the court in overruling the defendant's motion to exclude from the jury certain evidence which had been given on behalf of the plaintiff, and received without objection, tending to prove certain facts set forth in the defendant's first bill of exceptions; such evidence, it was insisted, not being proper or admissible under the declaration or bill of particulars filed with it. Except a certain note or obligation given or executed by Charles E. Burgoyne and Elias Dudley, to the defendant, for three hundred and fifty dollars, and a mutilated order drawn by the latter on said Burgoyne for two hundred dollars, in favor of Enoch W. Dudley, none of the evidence produced on the trial is set out in this bill of exceptions, and but little of it appears elsewhere in the record. Neither does it appear on the record, at *what time* the motion to exclude was made. While, therefore, evidence tending to prove items of account not described in the declaration nor found in the bill of particulars would seem to be improper, yet in the absence of the testimony introduced, either by the plaintiff or defendant, and without knowing the position of the parties and the circumstances under which the motion to exclude was made, we cannot say that it was improperly overruled; nor that the evidence so received without objection may not possibly have been admissible at the time it was offered; and consequently that the court erred in refusing to exclude it. The next

error assigned is that the court erred in refusing to permit the defendant to introduce evidence tending to rebut the evidence so introduced by the plaintiff, and disprove the facts which it is asserted in the bill of exceptions such evidence of the plaintiff tended to prove. It is difficult to perceive upon what principle this evidence was excluded, and I think the rulings of the court in this respect were erroneous. It was argued that, as it appears from the record that *such* evidence was, in fact, permitted to go to the jury, as shown by the deposition of the defendant, George Dawson, (which is copied into the record,) there was no such error in the rulings of the court, in this respect, as would require a reversal of the judgment. I have realized much perplexity, upon the inspection of this deposition, in ascertaining what portion of it was in fact permitted to go in evidence to the jury, and what part was excluded. Many exceptions were taken to it, and there seems to be much confusion in the record. The certificate of the clerk is, that " the parts of this deposition was allowed by the court to be read in evidence to the jury which is included in brackets." It cannot therefore be fairly implied, I think, that any other part of it was admitted. But the portion of the evidence so included in the brackets relates exclusively to the small items of the plaintiff's account, bearing date *after* the alleged settlement between the plaintiff and defendant. It cannot, therefore, be inferred that the part of the defendant's deposition relating to the facts which it is alleged in his first bill of exceptions the plaintiff's evidence tended to prove, was permitted to be read as evidence to the jury. But however this may be, the bill of exceptions distinctly asserts that the defendant offered evidence tending to rebut and disprove the plaintiff's testimony referred to in said bill of exceptions, and that the evidence *so offered*, whether it was the defendant's deposition or other evidence, *was excluded*. The remaining objection urged against the judgment is the refusal of the court to grant the defendant a new trial, upon the ground of surprise and new evidence discovered after the trial. The motion was based on the affidavit of D. J. Wamsley, which states, in substance, that sometime during the late civil war the plaintiff told affiant that the defendant had assigned or handed over to the

plaintiff, or his wife, for safe keeping, &c., certain valuable notes or bonds, evidences of debt and money, the defendant being afraid to keep the same about him, on account of the condition of the country. But it is not stated at what time they were so delivered, nor that the note or bond in controversy was one of them. At most, therefore, the evidence was only cumulative, and was not, in my judgment, sufficient of itself to require a new trial. For the error indicated the judgment must be reversed with costs and the cause remanded to the circuit court for further proceedings.

The other judges concurred.

JUDGMENT REVERSED.