# Wheeling.

## Wickes *et al. v.* B & O. R. R. Co.

Decided November 16, 1878.

1878
Special Term

1. It must appear from the record, that a point decided by the court during the trial before the jury has been saved before the jury retires; though the bill of exceptions may be prepared, and may be signed by the judge, either during the trial or after it is ended during or before the close of the term at which final judgment was rendered. If this appears from the whole record, or if facts appear in the record, from which it may be fairly inferred or presumed, it is sufficient, though it is not expressly stated in the bill of exceptions; but if it does not so appear substantially from the whole record, the Appellate Court cannot review the judgment of the court upon the point.

2. If the judge of the court adjourns his court to a future day according to, and by authority of, the sixth section of chapter 15 of the acts of the Legislature of 1872–3, the term of said court, *quoad* a judgment rendered by said court in a cause before or during the day, on which such adjournment becomes final, is ended. And it is not competent ordinarily, for such court or the judge thereof, thereafter, at the adjourned term, or any other term, to receive a bill of exceptions and sign it and make it a part of the record in the cause, in which judgment was so rendered.

3. If a point has been raised at the proper time, the bill of exceptions as to such point may be tendered to the court at any time during the term, at which the final judgment was rendered.

4. The mere fact, that a bill of exceptions appears to have been signed by the judge, and is found among the papers of the cause, does not make it a part of the record of the cause. To make such bill of exceptions a part of the record, so that the

| | |
|---|---|
| 14 | 157 |
| 35 | 286 |
| 14 | 157 |
| 37 | 802 |
| 37 | 806 |
| 14 | 157 |
| 38 | 233 |
| 14 | 157 |
| 40 | 571 |
| 14 | 157 |
| 42 | 53 |
| 14 | 157 |
| d47 | 119 |
| 47 | 473 |
| 14 | 157 |
| 49 | 81 |
| 14 | 157 |
| 51 | 170 |
| e 51 | 562 |
| 14 | 157 |
| e62 | 96 |
| 14 | 157 |
| 65 | 205 |
| 14 | 157 |
| 66 | 342 |

Appellatic Court may consider it, the record of the proceedings of the court, required to be kept by the 4th section of chapter 9 of the acts of 1872-3, must show substantially, that the bill of exceptions was tendered, received, signed and directed to be made a part of the record, and should also show, that it was received and signed in the trial of the cause, either before, or during, the term of the court, at which the judgment was rendered.

5. If the judge refuse to sign the bill of exceptions, then the law provides how the signing of the same may be compelled, in a proper case, and the bill of exceptions become a part of the record.

*Supersedeas* to a judgment of the circuit court of Harrison county, rendered on the 10th day of June, 1876, in an action at law in said court then pending, in which George M. Wickes and Julius C. Wickes were plaintiffs, and the Baltimore & Ohio R. R. Co. was defendant, allowed on the petition of the said defendant.

Hon. Charles S. Lewis, late judge of the second judicial circuit, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the court.

*C. Boggess,* for plaintiff in error, cited the following authorities:

6 Cush. 396; 3 Foster (N. Y.) 237; 3 Ohio St. 187; 7 Gray 95, 96; 24 Md. 118 19; 60 Ill. 501; 6 Gratt. 481; 11 Gratt. 377; Code, ch. 131, § 9; 4 Ohio St. 469; 6 Wheat. 106; 13 Ad & E. (N. S.) 687, 706; 15 Gratt. 122.

*John Bassel,* for defendant in error, cited:

15 Gratt. 64; 9 W. Va. 616; 13 Wall. 271; 1 Otto 454.

HAYMOND, JUDGE, delivered the opinion of the Court:

This is an action of trespass on the case, commenced and determined in the circuit court of the county of Harrison. The suit was commenced on the 31st day of

March, 1873, and was brought by the plaintiffs to recover damages from the defendant for negligently killing a horse and destroying a wagon and contents of plaintiffs on the track of said railroad.

On the 26th day of May, 1873, the parties appeared in court; and the defendant demurred generally to the plaintiffs' declaration and to each count thereof; and the plaintiffs joined in the demurrer; and the defendant also pleaded not guilty; and issue was thereon joined.

On the 7th day of June, 1873, the court sustained the demurrer to the first count in the declaration, and over-ruled the demurrer as to the second count. And there-upon on motion of the plaintiffs leave was given them to amend their declaration in court, which was accordingly done, and the case was continued until the next term.

At the November term, 1873, of the court it appears, the cause was continued on motion of the defendant and at its costs.

Afterwards at a term of said court held on the 1st day of June, 1874, the parties appeared in court, by their attorneys; and the defendant, by its attorney, demurred generally to the plaintiffs' amended declaration, and each count thereof; and the plaintiffs joined in the demurrer. The court overruled the demurrer; and thereupon came a jury, who were elected, tried and sworn the truth to speak upon the issue joined. It appears, the jury were regularly adjourned by the court from day to day during the investigation of the case until the 4th day June, 1874, at which time the jury found their verdict in favor of the plaintiffs, and assessed their damages at $435.00, with interest from the 25th day of January, 1873, making in the aggregate $469.45. Whereupon the defendant moved the court to set aside the verdict of the jury, and grant it a new trial, of which motion the court took time to consider. And afterwards on the 23d day of July, 1874, the court sustained the defendant's said motion, and set aside the verdict of the jury, and granted a new trial in the case, and continued it until the next term. After-

1878
Special Term
───────────
Wickes *et al.*
v.
B. & O. R. R.
Co.
wards at the December term, 1874, of said court on motion of the defendant the cause was continued until the next term at defendant's costs. Afterwards on the 3d day of June, 1875, at a term of said court the cause was again continued on motion of the defendant at its costs.

It further appears by the record, that at a term of said court held on the 6th day of June, 1876, the parties again appeared in court, and thereupon a jury came, who being elected, tried and sworn the truth to speak upon the issue joined, were regularly adjourned over from day to day by the court during the trial of the case until the 8th day of June, 1876, at which time the jury found their verdict, and assessed the plaintiffs' damages at $400.00. And thereupon the defendant moved the court to set aside the verdict of the jury and grant a new trial, because, as the defendant alleged, the same was contrary to law and evidence, and because the damages assessed were excessive, of which motion the court took time to consider. And it further appears by the record, that afterwards on the 10th day of June, 1876, the court overruled the defendant's motion for a new trial, and rendered judgment on the last named verdict in favor of the plaintiffs, and against the defendant, for $400.00 the damages assessed, with interest thereon from the 8th day of June, 1876, and the plaintiffs' costs.

It further appears, that afterwards at a circuit court held for the county of Harrison, on the 21st day of July, 1876, this memorandum was entered on the records of the case: "*Memo.*, Be it remembered, that upon the trial of the issue in this cause, the defendant excepted to the rulings and opinions of the court, which was received, signed, sealed, and ordered to be made a part of the record. The bill of exceptions referred to in said memorandum entry is as follows:

"G. M. WICKES, &c., *vs.* BALTIMORE & OHIO RAILROAD COMPANY.—*In Case.*

"*Be it remembered,* That upon the trial of the issue in

this cause, the plaintiffs, to support and maintain the issue upon their part, after the plaintiffs had closed their evidence in chief, and after the defendant had given evidence tending to show, that the usual signal by blowing the steam whistle had been given of the approaching train, which collided with the plaintiff's wagon and caused the damage complained of, and after evidence had been given by the defendant tending to show, that the plaintiffs, at a safe and convenient distance from said crossing, by listening could have heard the approaching train in time to have avoided, by the use of reasonable and ordinary care, the collision and injury complained of, the plaintiffs introduced a witness, Thomas W. Harrison, who after having stated, that his experience in relation to the crossing in the declaration mentioned was not such, that he was enabled to state, whether an approaching train could have been heard from a point near the crossing, further testified, that he could state what occurred there on one occasion. To the statement of what occured there upon another and different occasion, the defendant objected to the witness speaking in testimony before the jury, but the court overruled the said objection and permitted the witness to state, and he did state, that upon one occasion, when in a carriage with his wife and mother, he was about to cross the track of defendant's road at the crossing aforesaid, and when near thereto he did not hear the approaching train. At the suggestion of his mother and wife, that he should stop his carriage, he did stop, and that as soon as he stopped they heard the train, and it came dashing by very rapidly. To this statement of the witness as testimony in the cause the defendant excepted and prayed that this his bill of exceptions be signed, sealed, and made a part of the record of this cause, which is accordingly done.

"C. S. LEWIS, [Seal]"

And it appears in the record immediately after said memorandum entry.

But it further appears by the agreement in writing of

the parties to this suit, signed by their respective counsel C. Boggess and John Bassel, and filed in this case in this court by said counsel on the 29th day of August, 1878, and on which the case was then heard, as follows: "1st. That the circuit court of Harrison county commenced its session on the 30th day of May, 1876, and continued to hold the same until the 15th day of June, 1876, on which day the said court being about to end, and not having dispatched all its business, made an order adjourning the said court to the 10th day of July, 1876. 2d. That on the day last named the said court sat pursuant to the said adjournment, and thence continued its session until the 22d day of July, 1876, on which said last named day the same was adjourned until the first day of the next term which was on the 30th day of November, 1876." From the record and said agreement of counsel it clearly appears, that on the fifth day after the court had rendered judgment, as aforesaid, upon said verdict, to wit, on the 15th day of June, 1876, the court not having dispatched all its busidess adjourned over to the 10th day of July, 1876. To the said judgment of the court so rendered upon said verdict in favor of the plaintiffs, the defendant upon its petition and assignment of error therein, obtained a *supersedeas*; and in this way this cause is before us for review.

The defendant in its said petition "assigns for error in the said judgment, that the court should have sustained the objection of the defendant to the testimony of the witness, Harrison, as to what he did, or did not, hear upon an occasion other and different from that, which was the subject of enquiry in this cause, and prevented it going to the jury as evidence." The defendant does not claim in its petition that the court erred in overruling its demurrer to the plaintiffs' amended declaration and each count thereof. Nor was it claimed in argument before us, that the court erred in any respect in overruling said demurrer. No error being suggested, or pointed out in said amended declaration, or

either count thereof, and none being observed by us, we think the court did not err in overruling said demurrer.

The counsel for the plaintiffs insists before us, that we cannot consider the defendant's bill of exceptions and the ruling of the court therein stated, because before said bill of exceptions was filed and attempted to be made a part of the record of the cause, to-wit, at the end of the said 15th day of June, 1876, when the court adjourned over to the 10th day of July, 1876, the said judgment became *final* and the record of the case closed; and that it was not competent for the court to add to, or in any wise change, the record of said case after said judgment so became final by the adjournment of the court on the said 15th day of June, 1876; that said adjournment of the court from the 15th day of June, 1876, until the 10th day of July, 1876, was by virtue and under authority of § 6 of chap. 15 of the Acts of the Legislature of 1872-3; and the case having been tried and the judgment rendered on the 10th day of June, 1876, by § 6, of said act, when the court adjourned, it was finally disposed of in the "court below, and no bill of exceptions could be taken at a subsequent term, whether adjourned, or regular; that the judgment in this case being final upon the adjournment of the court on the 15th day of June, 1876, an execution could have issued thereon immediately after the day of adjournment, &c.

As no other error is relied upon here by the defendant's counsel, except that assigned in the said petition as appearing by said bill of exceptions, I will first consider the said objections of the plaintiffs' counsel to the said bill of exceptions, because if the plaintiffs said objections thereto are sustained, it will be unnecessary to consider any ruling of the court below, which, it is claimed, appears by said bill of exceptions.

To the end that a full understanding may be had of the plaintiffs' said objection to said bill of exceptions, and the merits thereof, it is first necessary to ascertain, what is the 6th section of said chapter 15 of the Acts of

the Legislature of 1872-3. Chapter 15 of the Acts of the Legislature of 1872-3 is entitled: "An Act to organize the circuit courts, establish their jurisdiction and prescribe the manner and mode of proceeding of said courts;" and the 6th section of said chapter is as follows, viz: "If any term of a circuit court is about to end without dispatching all its business, the judge thereof may, by an order entered of record, adjourn the holding of such court to any future day, on which he is, not required by law to hold a court in some other county; and all causes on the docket of said court, and not otherwise disposed of, shall stand continued to such adjourned day; and all witnesses summoned to attend in causes so continued to such adjourned term are required to attend said term without being again summoned. All judgments, orders and decrees rendered and made by such court before, or during, the day, on which said court adjourned to such future day, as aforesaid, shall have the same force and effect in all respects, as if said court had finally adjourned on that day."

I think it is quite clear, that under and according to the express provisions of said 6th section of said chapter 15, on the adjournment of the said circuit court on the 15th day of June, 1876, to the 10th day of July, 1876, the judgment rendered in this case in favor of the plaintiffs on the 10th day of June, 1876, became a final judgment; and that the term of the court, at which said judgment was rendered was after the said 15th day of June in legal effect ended *quoad* that judgment. When the court adjourned on the said 15th day of June per force of said 6th section all power or authority of that court over said judgment, or the proceedings in the case, ceased. It could not set aside the judgment at the adjourned term, or at any term afterwards, nor could it grant a new trial in the case, nor in fact do anything in relation thereto, except perhaps to correct clerical errors under the 5th section of chapter 134 of the Code.

"The rule at common law is, that during the term,

wherein any *judicial act* is done, the record remains in the breast of the judges of the court and in their remembrance, and therefore the roll is alterable during that term, as the judges shall direct; but when the term is past, then the record is in the roll, and admits no alteration, averment, or proof to the contrary." 1 Rob. (Old) Practice 638; quoting from 3 Tho. Co. Lit. 323.

According to my judgment in the construction of said sixth section, when the court adjurned on the said 15th day of June, that term of the court was ended *quoad* the judgment in this case, as much as though the court had adjourned until the first day of the next term, instead of adjourning to the 10th day of July, 1876. See as bearing upon this subject *Enders' ex'r's* v. *Burch*, 15 Gratt. 64, and especially the opinion of the court delivered therein by Judge Moncure.

In the case of *Washington and New Orleans Telegraph Co.* v. *Hobson & Son*, 15 Gratt. 122, it was held, that "it must appear from the record, that a point decided by the court has been raised before the jury retires; though the exception may be prepared, and may be signed by the judge, either during the trial, or after it is ended, during the same term. If this appears from the whole record, it is sufficient, though it is not expressly stated in the bill of exceptions, but if it does not so appear from the record, the Appellate Court cannot review the judgment of the court below upon the point." See also *Nadenboush et al.* v. *Sharer et al.* 2 W. Va. 285, 295. *Dawson* v. *Prichard*, 5 W. Va. 18.

In the case of *Martz's ex'r.* v. *Martz's heirs*, 25 Gratt. 361, it was held: "If an exception to the ruling of the court excluding a witness is taken at the time, the bill of exceptions may be prepared and signed and sealed after the verdict and judgment. And if the counsel of the parties do not agree as to the fact, whether the exception was taken at the time, the court, not remembering, may certify the facts; and the entry of the clerk in the memorandum stating that the exception was taken

on the trial, the court was right in certifying the facts, and the Appellate Court may consider the question raised by the bill of exceptions."

In the case of *Peery's ex'r* v. *Peery*, 26 Gratt. 320, it was held, that "though a plaintiff moves the court, before the jury retires to consider of their verdict, to exclude certain evidence, which had been given on the trial, which the court refuses to do, if notice of a purpose to except to the ruling of the court is not given, until the jury come into court with their verdict, the exception is too late."

In the case of *Winston* v. *Giles*, 27 Gratt. 530, it was held, "1. In an action at law, which is submitted to the judgment of the court without a jury, the court renders a judgment, to which one party excepts, and it being near the end of the term the court gives the counsel time, until the first day of the next term, to prepare the bill of exceptions, but judgment is entered; the court cannot give such leave, and the bill of exceptions cannot be made a part of the record. 2. Even if the court had authority to give the time until a day certain in the next term to prepare the bill of exceptions, if the bill of exceptions is not tendered to the court on that day, it cannot be afterwards received. 3. In cases when it may be important to give time until the next term to prepare the bill of exceptions, the case should be kept open and the judgment should not be entered until the next term."

Judge Moncure, in the first part of his opinion in this case, makes a statement of the case, and he says : " This is a writ of error to a judgment of the circuit court of the city of Richmond, rendered in an action of ejectment brought in said court by Pleasant Winston against Thomas Giles for the recovery of certain real estate lying in and near the said city. Issue was joined on the plea of not guilty ; and the parties waiving their right to have a jury, and agreeing that the whole matter of law and fact should be heard and determined, and judgment given, by the court, accordingly on the 23d day of

December, 1871, all the evidence adduced on both sides and the argument of counsel being heard, the court was of opinion, that the case was for the defendant, and gave judgment for him.

Immediately under the copy of the judgment in the transcript of the record before us is this

" '*Memorandum*. The plaintiff this day excepted to an opinion of the court given against him upon the trial of this cause, and leave is given him until the first day of next term to file his bill of exceptions.'

"Then follows in the transcript a copy of an order, made by the same court on the 9th day of April, 1872, in which order it is stated, that the plaintiffs on that day, tendered to the court a bill of exceptions to an opinion rendered against him on the 23d day of December, 1871 ; that the defendant objected to the signing of said bill, and the court refused to sign the same, to which refusal of the court the plaintiff excepted and tendered to the court his bill of exceptions to such refusal ; which latter bill was received, signed and sealed and ordered to be made a part of the record, the latter bill is there set out in the transcript, and in it is embodied the former bill which is a bill of exceptions to the judgment of the court in the case, and sets out all the evidence offered on the trial. After the insertion of that bill, there follows a statement in these words, in the bill which was signed :

" 'And the defendant, by his counsel, thereupon objected to the signing of said bill by the court, on the ground that the record was closed, and that the court had no power to reopen the same ; which objection of the defendant, being maturely considered, was sustained, and the court refused to sign the said bill, &c., as above stated. And the court certifies, that the judgment, to which the plaintiff excepts, was rendered on Saturday, December 23, 1871 ; that the court finally adjourned for that term on December 27, 1871, and did not sit upon December 25, 1871 ; that the present term of this court began on the 5th day of February, 1872, and that the bill of ex-

ceptions, now tendered for signature, was handed to defendant's counsel some two weeks before this date.

" 'And the court further certifies, that the judgment rendered by the court in the said cause on the 23d day of December, 1871, was the opinion of the court, to which, as it appears by the record, the plaintiff immediately excepted, and obtained leave until the first day of this term to file a bill of exceptions; but on that day no bill was tendered; and the court being satisfied, that the evidence set forth in the said bill is an accurate and full statement of all the evidence submitted to the court on the trial, further certifies, that its refusal at the time to sign the said bill is for the single reason alleged by the defendant, in objecting thereto, viz: That the record is closed and cannot be reopened, altered, amended, or supplemented without consent of both parties.

" 'And it is further certified, that the said cause has not been upon the docket of the court at this trem·'

Judge Moncure, who delivered the opinion of the the court in this case, says : " In the absence of any special statute, or any authoritative decision, or settled and established practice, on the subject, such as exists in some other States, a bill of exceptions to an opinion given by a court on the trial of a cause ought to be tendered at least before the end of the term, during which the final judgment in the cause is rendered. A bill of exceptions, when duly tendered and signed, becomes a part of the record in the cause, and cannot therefore be properly, or regularly, added to the record of the cause, after that cause is ended by final judgment therein, and after the power of the court over it is ended by the close of the term of the court, during which the judgment is rendered. * * *.

"Formally and regularly a bill of exceptions purports to be tendered and signed, when, or immediately after, the opinion excepted to is given ; and certainly, if convenient, the facts could then be set out more accurately and with less difficulty than at any other time. It is ad-

1878
Special Term.

Wickes *et al.*
v.
B. & O. R. R.
Co.

mitted in all the cases, every where, that at least the exception must be taken at the time, so as to give notice of it to the adverse party; and some of the cases require, that the substance of the exception should be stated in writing at the time. And all of them seem to admit, that on exceptions being properly taken at the time, a formal bill of exceptions may be drawn up and tendered by the exceptant at such time afterwards, during the same term, as may be prescribed, or allowed, by the court. Convenience seems to require this measure of indulgence; but does not seem to require more, and to give more, would create dangers and difficulties, which are obvious, and ought to be avoided, if possible, without encountering greater evils. Generally a bill of exceptions may conveniently be prepared and tendered, when the opinion excepted to is delivered, or during the trial; and almost always it may be done during the same term of the court. And in the very rare cases, in which that cannot be done, the case should be kept open and continued until the next term; or by consent of the court, and all the parties entered of record, a day in the next term might be named by an order of the court, for tendering and signing the bill of exceptions, to be done only on that day, unless the time for doing so should be then further enlarged by a like consent, and so on. We think a practice of that kind would answer every purpose of necessity or convenience.

'And now let us see whether there be any law or decision or settled practice of this State, which requires, or authorizes, us to go farther than is above indicated in favor of the right of tendering bills of exceptions.

"We have no special statute in this State, as there is in several other States of the Union, expressly giving a right to tender a bill of exceptions at a succeeding term to that, during which the judgment is rendered. The only statute we have on the subject is the Code, ch. 173, § 8, p. 1119, which stands in the place of 1 R. C. of 1819, ch. 133, p. 523. That act was taken from the statute of

Westm. 2, 13 Ed. I ch. 31, and is almost in the same identical words. It continued on our statute books in the same quaint language, which by successive changes in our judicial system had become very awkward, and to some extent unintelligible, down to the period of our revision in 1849, when it was materially modified and curtailed by the revisors, and the law as it now stands in our Code was recommended by them and adopted by the Legislature. There is nothing in the law as it stood in the Code of 1819, which seems to afford any warrant for the idea, that it authorized a bill of exceptions to be tendered to the court after the end of the term at which the judgment complained of was rendered. It is said, that that the law prescribed no period for tendering the bill, which might therefore be tendered at any convenient time. But the very nature of the case implied, that the bill should be tendered at the same time, or at least during the same term, at which the judgment was rendered. The bill was to be a part of the record, which would be unalterable and unamendable by the same court, except for a clerical error, after the end of the term. It was therefore unnecessary expressly to name, what was so plainly implied. We think that the early and leading case of *Wright* v. *Sharp*, 1 Salk. 288, decided by Lord Chief Justice Holt, shows, that this was the then construction of the statute. But if there could be any doubt about the construction of that statute, there ought, we think, to be none in the construction of the law, as it now stands in the Code. The words of it are: 'In the trial of the case at law, in which an appeal, writ of error or *supersedeas* lies to a higher court, a party may except to any opinion of the court, and tender a bill of exceptions, which (if the truth of the case be fairly stated therein) the judge or justices, or the greater part of those present shall sign; and it shall be a part of the record of the case.' *In the trial* of a case a party may except, and tender his bill of exceptions. Not after the trial, and at another and different term, after the case has been ended. The *trial* may be considered as lasting

during the term, at which it occurred, for the purpose of completing the record by signing bills of exceptions in the case, but not during a succeeding term.

"We have no decisions of this Court, which authorize us to go to the extent now claimed. It is somewhat singular, that numerous as are the cases, which have been cited from the reports of other States, there is but one in the reports of this State on the subject, to which we are referred in the argument; and that is the case of *Washington and New Orleans Telegraph Co.* v. *Hobson & Son*, 15 Gratt. 122. That case, we think, strongly maintains, if it does not conclusively establish, the views we have already presented on the subject. * * * Judge Daniel in delivering his opinion in that case, in which all the other Judges concurred, at least so far as material to this case, makes the following remarks in regard to our practice, which seem to be pertinent to our present enquiry. 'According to our practice, it is not necessary, that a bill of exceptions should be entered immediately on the transpiring or happening of the action of the court, to which a party excepts. It is true, that when the character of the exception is such, that little delay is occasioned by the preparation of the bill of exceptions, it is sometimes immediately prepared and disposed of; and in such case, a memorandum of the transactions is usually made in the minutes of the proceedings of the day. But as in a great number, perhaps a majority, of cases, serious delay and inconvenience would result from stopping the progress of the trial to prepare bills of exceptions to the rulings of the court, a practice, sanctioned by long usage, has prevailed for the counsel desiring to except to any opinion of the court given against them on the trial, simply to state to the court, that they intend to save the point, and ask the court to note the exception, and afterwards, *during the term*, to prepare the bill of exceptions and tender it to the court for its signature,' page 137. 'Little aid in determining the question under consideration is derived from a ref-

ierence to the decisions of other States ; as each State ha moulded for itself, either by statute or the decisions of ts courts, a practice in the matter of bills of exceptions, varying in a greater or less degree from the practice observed in any other State, ' &c., page 141.

"There is a subsequent decision of this Court on the subject, which was not referred to in the argument; no doubt because being a very recent decision, it therefore escaped the observation of counsel. We mean the case of *Martz's ex'or* v. *Martz's heirs*, 25 Gratt. 361. But that case is only confirmatory of what was decided in the case cited from 15 Gratt. *supra.*

"We think, there has been no such general practice in this State, as is contended for in this case to authorize bills of exceptions to be tendered and signed after the term, during which the cause, to which the exceptions apply, was decided; and certainly there is no sanction to be found for such a practice in any law or decision of the State. On the contrary, the only law and decision we have upon the subject, seem to be adverse to the legality of such a practice.

"We are therefore of opinion, that the circuit court erred in giving to the plaintiff until the first day of the next term after that, at which the judgment was rendered to file his bill of exceptions.

"It might well be questioned, whether the exceptions taken at the time of the trial, was sufficient by specific to inform the defendant of the precise nature of the exception intended to be taken, whether it was to the whole judgment, or some particular point embraced in it. But it is unnecessary to decide that question.

"But if we were wrong in deciding, that the circuit court erred in giving the plaintiff until the first day of the next term, after the judgment was rendered, to file his bill of exceptions, we are clearly of opinion, that the said court did not err in refusing to sign the bill of exceptions, which was not tendered until long after the first day of the next term, to-wit: the 5th day of February, 1872;

that is, not until the 9th day of April, 1872. Many of the cases cited in the argument show, that even where a statute expressly authorizes a bill of exceptions to be tendered on a certain day of a succeeding term, to be named by the court, such bill cannot be tendered after that day; at least, unless for good cause shown the time is enlarged on that day, and the parties are duly informed of such enlargement. If such a course could be pursued without express statutory authority, of course there would be at least as much necessity for complying strictly with the terms of the permission in that case, as in a case, in which there is such statutory authority."

I have copied herein so largely from the said opinion of Judge Moncure, because that opinion and the opinion of Judge Daniel, reported in 15 Gratt., are the most full and intelligent expositions of the practice in Virginia and in this State to be found in the reports of either State, or in any legal authority I have seen.

Our statute upon bills of exceptions in civil cases is as follows : "9. In the trial of a case at law, in which an appeal, writ of error or *supersedeas* lies to a higher court, a party may except to any opinion of the court, and tender a bill of exceptions, which, (if the truth of the case be fairly stated therein) the judge, or president and justices, or the greater part of those acting, shall sign, and it shall be a part of the record of the case. If any judge refuse to sign such bill of exceptions he may be compelled to do so by the Supreme Court of Appeals by *mandamus*; and the circuit court may in like manner compel a county court to sign a bill of exceptions. A party may avail himself of any error appearing on the record, by which he is prejudiced, without excepting thereto." Chap. 206, p. 594 of the Acts of the Legislature of West Va. 1872-3.

The 4th section of chapter 9 of same Acts of the Legislature is as follows : "4. The proceedings of every court shall be entered in a book and read in open court by the clerk thereof. The proceedings of each day shall be

drawn up at large, and read the next day, except those of the last day of the term, and of the day, on which the court may adjourn to a future day, as prescribed in section seven of an act entitled 'An act to organize the circuit courts,' which shall be drawn up and read the same day. After being corrected, when it is necessary, the record shall be signed by the presiding judge and, in the county court, by the president of that court."

It seems to me that the opinion of Judges Moncure and Daniel, before referred to, are in the main correct as expositions of the practice in Virginia and in this State, as far as they go.

And under these decisions and, it seems to me, upon sound legal principles, when the circuit court of Harrison county adjourned on the 15th day of June, 1876, to the 10th day of July, 1876, under and by authority of the said 6th section of chapter 15 of the acts of the Legislature, before quoted and cited, that the judgment rendered in the case at bar upon such adjournment became a final judgment in all respects; and that it was not competent, or proper, from anything appearing in the record as before us, for the said court afterwards at said adjourned term to receive and sign a bill of exceptions in the case, or to make the memorandum on the record of its proceedings, that upon the trial of the issue in this case the defendant excepted to the rulings and opinions of the court, and tendered his bill of exceptions, which was received, signed, sealed and ordered to be made a part of the record, as it appears was done by the court on the 21st day of July, 1876.

And therefore we cannot regard said last named memorandum as any part of the record in this case, and cannot consider the same in reviewing and determining this case.

There is nothing in the record of the proceedings of this case prior to the time said judgment became final, as aforesaid, indicating in any manner, that in the trial of the case or before the adjournment of the court, the

1878
Special Term.

Wickes *et al.*
v.
B. & O. R. R.
Co.

defendant excepted to any opinion, or ruling, of the court, or that any bill of exceptions upon any point was tendered and signed by the court; nor does anything whatever appear in relation to exceptions, or bills of exceptions. There is then, no entry or memorandum upon the record of the proceedings of the court in this cause, which we can consider, which states or indicates, that the bill of exceptions insisted upon by the defendant's counsel was ever tendered, or signed by the presiding judge, or received by the court and ordered to be recorded, or made a part of the record in the case.

It seems to me, that a bill of exceptions cannot ordinarily be considered as a part of the record of the cause, simply because it is found among the papers thereof in the clerk's office, and not unless there is some entry upon the proceedings of the court of its reception by the court, and signing, and of its being ordered to be made a part of the record, or the like. This I think is the fair conclusion on construing chap. 206 of the Acts of 1872-3, with the said 4th section of chapter 9 of said Acts upon common law principles. And I think such is the fair inference from reading the opinion of Judge Daniel in said case in 15 Gratt.

The general practice under the law, so far as I am aware, is to make bills of exceptions a part of the record of the proceedings of the court in the cause by an entry, or memorandum, entered therein. Robinson's Forms, vol. 1, p. 120. Any other practice would manifestly be dangerous and might be productive of great mischief and injustice to suitors. If a paper writing purporting to be a bill of exceptions appearing to be signed by the judge, or president and justices, or the greater part thereof, is, and must be, regarded as a part of the record of the cause, simply because it is found among the papers of the cause, or is produced to the clerk by some party thereto, or attorney in the cause, then the party, or his counsel, against the exception can not know, when the term of court ends, or the

1878
Special Term.

Wickes *et al.*
v.
B. & O. R. R.
Co.

judgment becomes final by law, whether his litigation is at an end, or not. The party against an exception has a right to be heard in court as to the bill of exceptions, and to object to its being received and signed and ordered to be made a part of the record in the cause, for many manifest reasons and causes. To adopt or countenance a practice, that would deny, or tend to deny, him that right would be monstrous indeed. ·

When the court adjourned on the 15th day of June, and the plaintiffs' judgment had become final, as aforesaid, from anything that appears on the record, or in the law, there was nothing to indicate to them, or their counsel, that anything further could be, or was expected to be, done in the case at the adjourned term, or at any term thereafter, by the court or the judge thereof. The plaintiffs and their counsel under the circumstances had the right to consider the record closed in the case, when the court adjourned; and the law did in fact close it, and shut out any further proceedings therein by the court, or judge thereof, thereafter, excepts perhaps the correction of clerical errors and the like. The bill of exceptions should be tendered and received in court, and signed by the judge thereof, as a part of the proceedings of the court; and the tendering and signing of the bill of exceptions by the judge should be entered in the usual form upon the record book of the proceedings of the court, at least the record of the court should so show.

The law certainly does not mean, that a bill of exceptions may be tendered to the judge out of court, and there considered and signed by him, and that the simple fact, that it is signed by him, makes it a part of the record in the cause, or that it may ordinarily be tendered to, and signed by, the judge, after the case is ended and the court adjourned. If this is the true meaning of the act of the Legislature, a judge or president and justices of a court may amend the records of their courts, by way of making substantial additions thereto, by means of bills of exceptions after a case, or cases, therein

is ended and the term of court adjourned, and without the knowledge of the party, whose interests are in opposition to the bill of exceptions.

The effect of such a construction would be, in many cases at least, to deny the party, whose interests are opposed by the bill of exceptions, an opportunity to object to its being received and signed and made a part of the record, which I repeat could never have been intended by the Legislature.

Construing the two sections of law together, to which I have referred, it seems to me that it is but fair and proper to hold, that the correct and proper conclusion is, that the bill of exceptions should be tendered to the judge in court sitting as a court, and that it should be received, considered and signed by him and ordered to be made a part of the record, and that these facts should substantially appear by the record of the proceedings of the court, required to be kept and entered in a book by the said 4th section of chapter 9 of the Acts of the Legislature of 1872-3. The tendering of the bill of exceptions and the receiving and signing of the same is certainly a material part of the proceedings of the court had in a cause, and is required to be entered in the record of the proceedings of the court by said 4th section.

If the judge refuse to sign the bill of exceptions, then the law provides, how he may be compelled to sign it, if such refusal was improper; and if compelled to sign the bill, it becomes a part of the record of the cause in the manner provided by law in such case. And in such proceedings the respective parties have full opportunity to be heard.

My conclusion from what has preceded is: First—That it must appear from the record, that a point decided by the court has been saved, before the jury retires; though the exception may he prepared, and may be signed by the judge, either during the trial or after it is ended during the same term. If this appears from the whole record, it is sufficient, though it is not expressly stated in

Syllabus 1.

1878
Special Term

Wickes *et al.*
v.
B. & O. R. R.
Co.

Syllabus 2.

syllabus 3.

Syllabus 1.

Syllabu 5.

the bill of exceptions ; but if it does not so appear substantially from the whole record, the Appellate Court cannot review the judgment of the court below upon the point.    Second—If the judge of the court adjourns his court to a future day, according to and by authority of the said 6th section of chapter 15 of the Acts of the Legislature of 1872-3, the term of said court, *quoad* a judgment rendered by such court in a cause before or during the day on which such adjournment becomes final, is ended.    And it is not competent ordinarily for such court, or the judge thereof, thereafter at the adjourned term, or any other term, to receive a bill of exceptions and sign it and make it a part of the record in the cause, in which judgment was so rendered.    Third—If a point has been raised at the proper time, the bill of exceptions, as to such point may be tendered to the court at any time during the term at which the judgment is rendered. Fourth—The mere fact, that a bill of exceptions appears to have been signed by the judge and is found among the papers of the cause, does not make it a part of the record of the cause.    To make such bill of exceptions a part of the record so that the Appellate Court may consider it, the record of the proceedings of the court required to be kept by the 4th section of chapter 9 of the acts of 1872-3 must show substantially, that the bill of exceptions was tendered, received and signed, and directed to be made a part of the record, and should also show, it was received and signed in the trial of the cause either before or during the term at which the judgment was rendered. Fifth—In cases when it may be important to give time until the next term, or adjourned term, to prepare a bill of exceptions, the case should be kept open, and judgment should not be entered until such next term, or adjourned term.    Sixth—If the judge refuse to sign the bill of exceptions, then the law provides how the signing of the same may be compelled in a proper case, and the bill of exceptions become a part of the record.

As the views I have expressed exclude the bill of excep-

tions from the record, it is decisive of the case, I am therefore of opinion, that there is no error in the judgment of the circuit court rendered in this case, and that the same must be affirmed with costs and damages according to law.

1878<br>
Special Term.<br>
Wickes <i>et al.</i><br>
v.<br>
B. & O. R. R.<br>
Co.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.

HAYMOND, J.

The appellant, since the opinion in this case was delivered, has petitioned and moved the court for a rehearing of the case; and one of the grounds, on which it asks a rehearing is, that the entry, made by the court at the adjourned term, was made by way of amendment, and is authorized by the fifth section of chapter 134 of the Code of this State. It is manifest to me, that the said entry made at the adjourned term of the court, was not a proceeding by the court to amend the judgment under the fifth section of chapter 134 of the Code, if such amendment is allowable in a case, where the bill of exceptions was tendered and signed at the proper time, but no entry was made thereof on the record book of the proceedings of the court, which I do not now determine, as in my view, that question does not fairly arise, as the case stands. The entry does not purport in any respect, to be made under said section; and neither does it purport to have been made upon notice to the adverse party, nor does it appear in any manner, that the adverse party was present by counsel, or otherwise. The other matters in said petition mentioned are disposed of by the opinion and syllabus. The prayer of said petition and motion of the appellant for a rehearing is therefore overruled.

THE OTHER JUDGES CONCURRED.