[No. 10,385.]

# F. A. SPRAGUE v. EUGENE FAWCETT, JUDGE OF THE FIRST JUDICIAL DISTRICT.

MANDAMUS—SETTLEMENT OF BILL OF EXCEPTIONS.— When a bill of exceptions was presented to the District Judge for settlement in a criminal case, after the expiration of the ten days mentioned in sec. 1171 of the Penal Code, and of the period fixed by order extending the time for presenting or filing such bill, and the District Judge, on examination of the affidavits accompanying the draft bill, and purporting to account for and excuse the delay, declined to settle the bill: *held, mandamus* ought not to issue to compel the District Judge to settle the proposed bill.

Application for *mandamus* to compel the respondent, as District Judge, to settle a bill of exceptions.

The facts are stated in *People* v. *Sprague, post,* p. 491,

*Creed Haymond,* for Petitioner.

No appearance for Respondent.

By the Court, McKINSTRY, J.:

In *People* v. *Sprague, post,* p. 491, we said that if a bill of exceptions was presented or filed, on due notice to the District Attorney, after the expiration of the statutory time and its extensions, it was the duty of the Judge to examine the affidavits accompanying the bill, and if it appeared therefrom that defendant had reasonable excuse for the delay, to proceed to settle the bill. It was also intimated that if the Judge refused to settle the bill and the defendant appealed from the order denying his application for settlement, this Court might on appeal review the action of the Judge, and re-examine the affidavits used at the application below.

Inasmuch, however, as when such application is made the Judge of the Court below must, in the first instance, pass upon the fact as to the existence of reasonable excuse for the delay, this Court cannot by *mandamus* compel him to determine the question in a particular manner. The cases are numerous in which it has been held that *mandate* may not be resorted to for the purpose of commanding an officer clothed with discretion to

enter a particular order or judgment—in other words, the writ cannot be made the means of depriving such officer of all discretion.

It is true that in *People* v. *Lee*, 14 Cal. 510, *mandamus* issued commanding a District Judge to settle a *bill of exceptions*. But in that case there was no discretion left in the District Judge, no question of fact to be passed upon by him, which, if found adversely to the defendant, would authorize the Judge to refuse to settle the bill. This Court held that the bill had, within the meaning of the law, been presented to the Judge within the statutory period. It was said: "Indeed, we are of opinion that the proposed statement or bill in a criminal case may, whenever the Judge is not found, for its presentation to him personally, be delivered to the Clerk of the Court for him. The Clerk's office is the proper place for the deposit of papers for the Judge in his absence from his chambers. The Clerk should minute on the document the date of its receipt, and hand it to the Judge at the earliest convenient opportunity." In that case the proposed bill was filed with the Clerk on the last day of the extended time.

After that decision the language of the statute and Code was altered so as to expressly authorize the practice there suggested.

Writ denied, and petition dismissed.