# CHARLESTON.

## WELTY *v.* CAMPBELL, JUDGE.

(DENT, JUDGE, absent.)

Submitted June 22, 1892.—Decided April 1, 1893.

1. BILL OF EXCEPTIONS.

Previous to the act of March 12, 1891, which took effect at the expiration of ninety days from its passage, the rule of practice was, that bills of exception might be signed by the judge presiding at the trial before the close of the term, at which final judgment was rendered, but not afterwards.

2. BILL OF EXCEPTIONS—MANDAMUS.

Where a cause has been tried resulting in a verdict for the defendant, and a motion to set aside the verdict has prevailed, a new trial has been awarded, and the record shows that the defendant excepted, and at a subsequent term of the court a new trial has taken place before another judge resulting in a verdict for the plaintiff, and the defendant moves to set aside the verdict, and, his motion being unsuccessful, he excepts, and counsel agree that two bills of exception may be signed within ninety days setting out the facts on both trials, and the court enters an order showing that said bills were signed, the judge who presided at the first trial can not be compelled within ninety days or at any other time by *mandamus* to sign the bill of exceptions which pertains to said first trial.

H. M. RUSSELL for petitioner.

J. J. JACOB and J. D. ELSON for respondent.

ENGLISH, PRESIDENT :

This is an application presented to this Court by Peter Welty for a writ of *mandamus* to compel the Honorable John A. Campbell, one of the judges of the Circuit Court of Ohio county, to sign a bill of exceptions tendered by the relator, Peter Welty, to a judgment and ruling of said court on the 20th day of November, 1890, setting aside a verdict rendered at that time in his favor and awarding a new trial.

There appears to be no controversy about the facts, upon which the application is based, which, stated briefly, are as

follows: William H. Robinson brought an action at law against said Welty, in said Circuit Court, the trial of which commenced on the 14th day of May, 1890, and concluded on the 19th day of the same month, resulting in a verdict in favor of said Welty. On motion, the court set the verdict aside and awarded a new trial, and to this action of the court—said Judge Campbell then presiding—said Welty excepted, as the record shows, on the 20th day of November, 1890 ; but no bill of exceptions appears to have been prepared or tendered to said judge during the term, at which said verdict was set aside, nor was any agreement made between counsel at that time that a bill of exceptions might be prepared and settled at a later date, or after the term ended.

At the April term of said court, 1891, the case was continued ; and at the December term, 1891, said case was tried before the Honorable Joseph R. Paul, another of the judges of said Circuit Court, and a verdict rendered in favor of the plaintiff. This December term was protracted until the 27th day of February, 1892, when the defendant moved to set aside the last-named verdict, which motion was over-ruled, and judgment was rendered thereon, and exception was taken, and as the term was nearing its close the record was made to show the signing of two bills of exception by the following memorandum at the close of the order : " On the trials and during the proceedings in this cause the plaintiff excepted to various rulings and judgments of the court, and he now tenders his two bills of exceptions, in writing, setting forth the facts appearing on the said two trials, and asked that the same might be signed and sealed by the court, and made a part of the record, which is now accordingly done."

On the same day an agreement was entered into between counsel for the plaintiff and defendant that a bill or bills of exception in said cause might be signed by the judges of said court, or either of them, at any time within sixty days from the 27th day of February, 1892, with the same effect as though signed during the then current term of court, which time in said agreement was subsequently extended by agreement for thirty days, so that said bills might be signed in ninety days from February 27, 1892.

On the 25th day of May, 1892, counsel for the relator applied to the said John A. Campbell and requested him to sign and seal a bill of exceptions, which had been prepared, setting forth the evidence introduced and the rulings of the court upon said first trial, to which the counsel for the plaintiff objected; and the judge, being of opinion that the objection was well taken, and that it was then too late to sign and seal said bill of exceptions, refused to certify said bill of exceptions, but did certify that the bill so presented was a correct statement of the evidence introduced and of the rulings of the court upon said trial, and that there was no other objection to the said bill, except the time at which it was offered; and thereupon the said Peter Welty presented his petition to this Court, setting forth the facts with relation to the action of the said Judge Campbell, above stated, and praying that a *mandamus* be awarded requiring said John A. Campbell to sign said bill of exceptions marked "No. 1."

A *mandamus nisi* was awarded, and by way of return thereto the said John A. Campbell says, that he had no knowledge of the agreement filed with the petition, in reference to allowing bills of exception to be prepared and signed within ninety days after the trial had before the Honorable J. R. Paul, until his attention was called to it about the 24th of May, 1892, by counsel for the relator, when for the first time counsel presented to him the said bill of exceptions and requested him to sign the same; and he further stated that it had been the practice in many instances in the Circuit Court of Ohio county, and it may be said to be the usual practice on the part of attorneys, when one desires a bill of exceptions to be signed, to enter into an agreement with the opposing counsel to the effect that the bill or bills of exceptions may be prepared and presented to the judge, who presided at the trial, for his signature, within a limited time—usually thirty, sixty, or ninety days—and that such bill or bills, when signed, should have the same force and effect as if signed during the term, at which the exception was made; and that when such bills have been presented in pursuance of such agreements of counsel, and within the period of time specified therein, it has been

the practice of the judges to sign the same, but that he was not aware of any practice in said court for the judges to sign any bill of exceptions after the adjournment of the term, at which the exceptions were taken, except in pursuance of agreements of counsel, as aforesaid; and, among other things, stated that counsel for the plaintiff objected to his signing said bill of exceptions on the further ground, that respondent had no power or authority to sign any bill of exceptions at that late day with respect to any action or ruling taken or made by him at the November term, 1890, in the said action, the said term having adjourned without any agreement on the part of counsel that a bill of exceptions might thereafter be signed by respondent, and in view of the facts above stated, he sustained the objection made by plaintiff's counsel.

Did the said John A. Campbell, judge of the Circuit Court of Ohio county in refusing to sign the bill of exceptions prepared and tendered as above stated commit a breach of his official duty? And would this Court in the circumstances be warranted in awarding a peremptory writ of *mandamus* to compel him to sign said bill of exceptions?

Merrill, in his work on *mandamus*, under the heading, "Scope of the Writ of Mandamus," says, in section 13: "As otherwise said, the writ lies to compel the performance of an act which the law enjoins as a duty resulting from an office, trust, or station." And the same author, at section 192, speaking of bills of exceptions, says a court will not be required to sign a bill of exceptions, unless it be presented within the proper time. It must be presented to the judge within the time allowed by law, which is generally during the term, in which the case is tried, but the court may extend the time by an order, which must be entered of record. After such period the court will not be required to sign the bill. Among other reasons why the delay is not admissible is the fact that the judge may forget the evidence. When the judge is required to decide whether such delay is excusable, his decision in such matter is judicial, and a *mandamus* will not lie to make him sign the bill, since such action would control his judicial discretion as to whether the delay in presenting the bill was excusable.

So in the case of *Sprague* v. *Fawcett*, 53 Cal. 408 it was held: "When a bill of exceptions was presented to the district judge for settlement in a criminal case after the expiration of the 10 days mentioned in section 1171 of the Penal Code, and the period fixed by order .extending the time for presenting or filing such bill, and the district judge, on examination of the affidavits accompanying the draft bill, and purporting to account for and excuse the delay, declined to settle the bill, held *mandamus* ought not to issue to compel the district judge to settle the purposed bill." See, also, *Stonesifer* v. *Armstrong*, 85 Cal. 594; 25 Pac. Rep. 50.

When we turn to the rulings of the Court of Appeals of Virginia upon this question, we find it was held in the case of *Telegraph Co.* v. *Hobson*, 15 Gratt. 122 (point 3 of syllabus): "It must appear from the record that a point decided by the Court has been saved before the jury retires, though the exception may be prepared, and may be signed by the judge, either during the trial, or after it is ended, during the same term. If this appears from the whole record, it is sufficient, though not expressly stated in the bill of exceptions; but if it does not so appear from the record the Appellate Court can not review the judgment of the court below upon the point."

And again, in the case of *Winston* v. *Giles*, 27 Gratt. 530, immediately after the copy of the judgment in the record was the following memorandum: " 'The plaintiff this day excepted to an opinion of the court given against him upon the trial of this cause, and leave is given him until the first day of the next term to file his bill of exceptions.' Then follows, in the transcript, a copy of an order made by the same court on the 9th day of April, 1872, in which order it was stated that the plaintiff on that day tendered to the court a bill of exceptions to an opinion rendered against him on the 23rd day of December, 1871; that the defendant objected to the signing of said bill, and the court refused to sign the same, to which refusal of the court the plaintiff excepted."

In that case it appeared that the only ground upon which the court refused to sign said bill of exceptions was that the

record had closed, and the court had no power to reopen the same. The syllabus in said case was as follows:

"1. In an action at law, which is submitted to the judgment of the Court without a jury, the Court renders a judgment to which one party excepts, and it being near the end of the term, the court gives the counsel time until the first day of the next term to prepare the bill of exceptions, but judgment is entered. The court can not give such leave, and the bill of exceptions can not be made part of the record."

"2. Even if the court had authority to give until a day certain in the next term to prepare the bill of exceptions, if the bill of exceptions is not tendered to the court on that day, it can not afterwards be received."

"3. In cases where it may be important to give time until the next term to prepare the bill of exception, the case should be kept open, and the judgment should not be entered until the next term."

Following this ruling, it was held by that court, in the case of *Page* v. *Clopton*, 30 Gratt. 415: "The usual practice is to give notice of the exception at the time the decision is made, and reserve liberty to draw up and present the bill for settlement and signing either during the trial, or after the trial, and during the term, as may be allowed by the court; but it must be signed during the term at which final judgment is rendered, and it will be disregarded in the Appellate Court if signed after the end of such term, although signed pursuant to a previous order allowing it, unless, perhaps, such order be made by consent of parties."

These cases may be considered as sufficient to show the rule laid down in Virginia upon this point of practice.

In the case of *Wickes* v. *Railroad Co.*, 14 W. Va. 157, this Court held:

"(1) It must appear from the record that a point decided by the court during the trial before the jury has been saved before the jury retires, though the bill of exceptions may be prepared, and may be signed by the judge, either during the trial, or after it is ended, during or before the close of the term at which the final judgment was rendered.

If this appear from the whole record, or if facts appear in the record from which it may be fairly inferred or presumed, it is sufficient, though it is not expressly stated in the bill of exceptions; but if it does not so appear, substantially, from the whole record, the appellate court can not review the judgment of the court upon the point.

"(2) If the judge of the court adjourns his court to a future day, according to, and by authority of, the sixth . section of chapter 15 of the Acts of the Legislature of 1872-73, the term of said court quoad a judgment rendered by said court in a cause before or during the day on which such adjournment becomes final is ended; and it is not competent, ordinarily, for such court, or the judge thereof thereafter, at the adjourned term, or any other term, to receive a bill of exceptions, and sign it, and make it a part of the record in the cause in which judgment was so rendered.

"(3) If a point has been raised at the proper time, the bill of exceptions as to such point may be tendered to the court at any time during the term at which the final judgment was rendered."

In this case Judge HAYMOND reviews at length the cases of *Telegraph Co.* v. *Hobson,* 15 Gratt. 122; *Winston* v. *Giles,* 27 Gratt. 530; and several other Virginia decisions—before arriving at the above conclusions, and we think his conclusions are correct.

It is true that we now have a statute which took effect on the 12th day of June, 1891, providing that the court may, in vacation, within thirty days after the adjournment of the term, make up and sign any bill of exceptions, and certify the same to the clerk of the court, who shall enter it upon the order book of such court, and any such exception so made in vacation shall be a part of the record, and have the same effect as if made in term time. It is suggested, however, that there would have been no necessity for any such legislation if the law already allowed bills of exception to be signed and certified after the term, at which the action or ruling complained of was entered.

The wisdom of the rule requiring bills of exceptions to be settled during the term is manifest from the fact that it is frequently the case that the judge who holds the term

when the ruling is excepted to fails to hold the succeeding term, and, where a new trial has been awarded, the judge who does hold the succeeding term is entirely ignorant of what transpired at the former term, and, as a matter of course, is incapable of certifying the facts or the rulings; and the fact that in the case under consideration the November term, 1890, was held by Judge CAMPBELL, while the term at which the second trial was had was held by Judge Paul, furnishes an excellent illustration of the wisdom and propriety of the rule which requires the bill of exceptions to be settled and signed at the term at which the trial took place.

Upon the question, whether a new trial should be awarded, Judge CAMPBELL acted definitely and finally at the November term, 1890. His action was excepted to, but there was no agreement that the time for settling a bill of exceptions as to his ruling should be extended beyond the term. His action in granting a new trial was appealable, and, as the sequel proves, concluded his connection with the case. It is true there appears to have been an agreement upon the trial before Judge PAUL that a bill of exceptions might be signed after the end of the term, but this agreement was made in the absence of Judge CAMPBELL. A memorandum at the foot of the judgment rendered by Judge PAUL, states that on the trial and during the proceeding the plaintiff excepted, etc., "and now tenders his bills of exceptions, in writing, setting forth the facts appearing on the said two trials, and asked them to be signed and sealed by the court, and made part of the record which is now accordingly done."

If this record can not be disputed, all has already been done which we are asked to require Judge CAMPBELL to do. If it is open to contradiction, Judge CAMPBELL was not there, and no bill of exceptions was tendered to him until long after he ceased to have any connection with the case as judge; and the fact that we are now asked to compel Judge CAMPBELL to sign one of these bills of exception shows that the record certifies that something was done while Judge PAUL was presiding which he had neither the ability nor information to enable him to do, and which Judge

CAMPBELL was not requested to do during either of said terms, and, as we think, can not now be compelled to do.

It is true that the practice of making the record show that bills of exception were signed during the term, and extending the time for settling the same by agreement between opposing counsel is indulged in as a matter of convenience to counsel and court in sections of the State where the docket is crowded, and ordinarily it may work no serious inconvenience; but the result in the case at bar exemplifies the fact that such a course should not be encouraged, and clearly indicates that a strict adherence to the rule of practice laid down in the authorities we have cited is much the safer course.

Following, then, the rulings in both the States of Virginia and this State upon the question, our conclusion is that we would not be warranted in awarding a peremptory *mandamus*, and the relator's petition must be dismissed, with costs.

DISMISSED.