## George Barstow & others *vs.* Robert G. Marsh.

A bill of exceptions to rulings of the court of common pleas cannot be entered in this court,
unless it was presented to that court at the term at which the trial was had, and allowed
at the same term, or the case ordered to be continued.

Motion to dismiss a bill of exceptions entered in this court
by the plaintiffs, on the ground that it was not duly allowed by
the presiding judge before whom the case was tried in the court
of common pleas for the county of Hampden.

The dockets of that court contained the following entries in
the case : Of October term 1851, " 1st jury, 4th day. Verdict
for defendant. No exceptions filed. 1852, June T., ordered to
be carried forward." Of June term 1852, " Brought forward from
docket of October 1851, per order of court." Of October term
1852, " 22d day, exceptions allowed and filed."

The motion was argued and decided at Boston in January
1855.

*G. Ashmun,* for the defendant.

*W. G. Bates,* for the plaintiffs.

SHAW, C. J.   The statute requires that exceptions shall be reduced to writing and presented to the presiding judge before the end of the term , and that, if found conformable to the truth, they shall be allowed and signed by him.   Rev. Sts. *c.* 82, § 12. They must be presented to the judge, not merely put on file by the party ; for they are not part of the record, until ordered to be made so by the judge.   If there is time to examine them before the end of the term, they should be allowed or disallowed by the judge.   If allowed, they would be forthwith filed, and become part of the record, and further proceedings stayed, unless the exceptions should be deemed frivolous.   If disallowed, it would still seem to be proper that they should be filed ; for the party may petition this court to have their truth established. *St.* 1851, *c.* 261, § 1.   If there be not time enough to examine them during the term, an entry should be made on the docket, in order that it may appear whether final judgment is to be entered; the proper entry would be, " Exceptions presented ; " and the judge might order a continuance to be entered for the special purpose.   It is said that this would lead to great delay ; and that the statute requires that they should be allowed at the same term at which the cause is tried, and entered at the next term of this court.   This would certainly be the proper course, and ought to be done if practicable.   But the statute cannot oblige the performance of an impossibility, and a verdict may be rendered within the last hour of the term.   Whatever the statute authorizes to be done should appear on the docket.   If no special order is entered on the docket, the case falls within the general order passed at the end of the term, for rendering judgments on verdicts ; and the disposition of the case would depend on the question whether it was a matter finished.

These exceptions are not properly before us.   It may be a case of great hardship, but there is no way to set it right.   It does not appear, by the entries on the docket of the court of common pleas, that the exceptions were duly presented at the term at which they were taken ; or that a continuance was entered.   No exceptions being allowed and filed, or even presented,

the case would fall under the general order at the end of the term. Even if it were competent for the court to enter up continuances, which is sometimes done, and might perhaps be inferred from the entry of " carried forward," and so no discontinuance; still there is nothing on the docket, to show that these exceptions were brought to the judicial notice of the court, until a subsequent term. We are impressed with the necessity of having a practical rule on this subject, which may be generally understood. If there is no entry on the docket to show that the case is still pending, the rights of third parties, as of attaching creditors, and bail, might be in danger. The statute requires three steps to be taken—that the exceptions should be presented, at the same term, by the party; passed upon by the judge; and filed by the clerk—neither of which is shown in this case.

*Case remitted to court of common pleas.*