KIRK HAWES, Judge,

*v.*

THE PEOPLE *ex rel.* Emilie Pulver.

*Filed at Ottawa June 15, 1889.*

1. MANDAMUS—*to compel the signing of a bill of exceptions—jurisdiction of Appellate Court.* The Appellate Court has power to award a writ of *mandamus*, in furtherance of its appellate jurisdiction, to compel the trial judge to sign a bill of exceptions, when otherwise warranted. The jurisdiction of that court to award the writ depends upon the fact that the cause in which the writ is sought has been properly brought before it for review.

2. BILLS OF EXCEPTIONS—*time of signing—mandamus to compel—power of judge in vacation.* Where a party presents his bill of exceptions to the judge who tried the case, for his signature, within the time prescribed for filing the same, he having done all that he can, will not be prejudiced by the neglect or refusal of the judge to sign the bill until after the time fixed for that purpose has expired.

3. The matter of the settling and signing of bills of exceptions, when time for that purpose is given, may be regarded as continued by operation of the statute, in such sense, at least, as to vest the court with power over the subject at its next term, providing such term intervenes, and the court takes action before the period limited has expired.

4. On the 9th of April the court allowed sixty days to the plaintiff in which to file a bill of exceptions. On June 1 following, a stipulation in writing was signed by the counsel of the parties, agreeing to an extension of thirty days for filing the bill of exceptions, and on the same day the court, being in session, by consent, ordered that the time of filing the bill be extended to July 9 then next. On June 22 of the same year the plaintiff presented his bill to the judge, who indorsed thereon the fact of its presentation, and directed the delivery of the same to defendant's counsel, which was done. Some time in October the court settled the bill, but doubting his power, refused to sign and seal the

same: *Held*, that it was the right and duty of the judge to have signed the same, and that he could be compelled to do so by *mandamus*.

5. The judge of a court is powerless, in vacation, to change or extend an order for the filing of a bill of exceptions, even by the consent or stipulation of the parties. Settling a bill of exceptions, and fixing the time for filing the same, being judicial acts, which the judge has no power to perform in vacation, such power can not be given by consent, for the reason that jurisdiction, so far as it relates to the subject matter, can not be given by consent. When sitting as a court, the judge has jurisdiction of the subject matter, and may modify or change its former orders by consent of the parties.

6. AMENDMENT *of record—at subsequent term—by consent.* The records of a court are not so far closed at the end of the term that the parties may not appear at a subsequent term, and by agreement authorize the court to open them and take further proceedings. A judgment or decree, by consent of the parties, may be opened or set aside at a subsequent term to its entry.

APPEAL from the Appellate Court for the First District.

Messrs. MOSES & NEWMAN, for the appellant.

Messrs. KRAUS, MAYER & STEIN, for the appellee.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

This was a petition in the Appellate Court for the First District, praying for a *mandamus* against the respondent, Kirk Hawes, as judge of the Superior Court of Cook county, to compel him, as judge of said court, to sign and seal a bill of exceptions in a suit lately pending and determined in said court, before him, wherein Emilie Pulver, the relator, was plaintiff, and against the Rochester German Insurance Company. At a former term of this court a like petition was heard, upon appeal from the Appellate Court, and we then held, that the Appellate Court was without power to award the writ of *mandamus*, except in furtherance of its appellate jurisdiction, and that as no appeal had been taken, or writ of error prosecuted to the Superior Court, to reverse the original judgment, there was no authority to issue the writ, and the

order of the Appellate Court awarding the writ was reversed. Subsequently, a writ of error was sued out of the Appellate Court by the relator to review said judgment of the Superior Court. A transcript of the record was filed therein, and a *scire facias* was issued, and served upon the defendant in error. Thereupon the present petition was filed, being in all essential particulars identical with the one first filed. Upon hearing, the Appellate Court awarded the writ, as, being in furtherance of its appellate jurisdiction and necessary to the hearing and determination of the cause in that court, it clearly had the power to do, if otherwise warranted. *Hawes* v. *The People,* 25 App. Court Rep. 326.

We have carefully examined the record, and considered the arguments of counsel, and are of opinion that the respondent, as judge of said Superior Court, was not only authorized, but required, by law, after having settled, as he did, the bill of exceptions tendered, to sign and seal the same. No good purpose can be subserved by a re-discussion of the facts or principles involved, as we are entirely satisfied with the reasoning of the Appellate Court in its opinion filed upon consideration of the case made by the petition first presented, which is as follows:

BAILEY, J.: "This is an original proceeding in this court, by *mandamus,* to compel the respondent, one of the judges of the Superior Court, to sign and seal a bill of exceptions in a certain suit lately pending before him in said court.

"The facts, as shown by the petition, answer and affidavits, so far as we deem them material, are substantially as follows: On the 22d day of March, 1887, there was pending and undetermined in said court an action of assumpsit brought by Emilie Pulver, the relator, against the Rochester German Insurance Company, to recover her loss and damage by fire to certain personal property covered by a policy of insurance issued to her by said company. The trial of said cause was entered upon on the 22d day of March, 1887, and concluded

on the 29th day of the same month, the verdict of the jury
being in favor of said company. On the 9th day of April, 1887,
the relator's motion for a new trial was overruled, and on the
same day judgment was rendered by the court, the respondent
presiding, against the relator, for costs. The relator thereupon
prayed an appeal to this court, which was allowed on her filing
her appeal bond in the sum of $300, to be approved by the
court, together with her bill of exceptions, within sixty days
from that date. On the first day of June, 1887, a stipulation
in writing was entered into and signed by the attorneys of the
insurance company and the relator, for and on behalf of their
respective clients, by which it was agreed that the time for
filing said bill of exceptions should be extended for the period
of thirty days from and after the time originally limited by
said court for the filing of the same, and on the same day, it
being one of the days of the May term, 1887, of said court,
an order was entered in said court, in said cause, in the fol-
lowing words : 'On the stipulation of the parties hereto, it is
ordered that the time for filing the appeal bond and bill of
exceptions herein be and is hereby extended until the 9th day
of July next.' On the 22d day of June, 1887, the relator's
attorney, having completed his draft of the bill of exceptions,
presented it to the respondent, and requested him to sign it,
and the respondent thereupon took the bill and wrote thereon
as follows : 'Presented for signature June 22, '87.—Hawes.'
The respondent then directed that the bill be delivered to the
attorney of the insurance company for examination, which
was done. Various circumstances, which we do not deem it
material to notice, prevented a meeting of said attorneys be-
fore the respondent to settle the bill of exceptions until some
time in October, 1887, when all proposed amendments to said
bill were passed upon and settled by the respondent, but, being
in doubt as to his power to sign the bill at that time, he took
that question under advisement until November 3, 1887, on

which day he decided that he had no power to sign said bill, and refused so to do.

"If the respondent had power to sign the bill of exceptions when it was presented to him on the 22d day of June, he should be required to sign it now. The rule is, that where a party presents his bill of exceptions to the judge who tried the cause, for his signature, within the time prescribed for filing the same, he having thus done all he can, will not be prejudiced by the neglect or refusal of the judge to sign the bill until after the time fixed for that purpose has expired. *Underwood* v. *Hossack,* 40 Ill. 98; *Magill* v. *Brown,* 98 id. 235; *Village of Hyde Park* v. *Dunham,* 85 id. 569; *Hake* v. *Strubel,* 121 id. 321.

"The time limited by the court for filing the bill of exceptions, at the time of entering judgment and granting the prayer for an appeal, expired on the 8th day of June; but before the expiration of that period, though at a subsequent term, by an order entered in term time, by express stipulation of the parties, the time was extended thirty days, and within the time as thus extended the bill of exceptions was presented to the respondent for his signature. The theory upon which his power to sign the bill on the 22d of June is denied, is, that at the adjournment of the term at which the final judgment was rendered, the record in the case was closed, and was no longer within the power of the court.

"It may be conceded, that in theory, at least, the record was closed at the expiration of the term; but that theory, so far as it relates to the bill of exceptions, is complied with by an enforcement of the rule of practice which requires that bills of exceptions, though in fact signed and sealed long after the term, should purport, on their face, to be signed and sealed at the term. While such is doubtless the theory, the actual fact, so far as it relates to the proceedings by which the bill is drafted, settled, signed and sealed, is, that those matters, which necessarily involve the exercise of both judicial and ministerial

functions, are all to be performed after the term is closed. In this respect the record, though closed in theory at the end of the term, is not so in fact, and all the proceedings necessary to complete the record, so far, at least, as they involve the performance of judicial functions, are necessarily as completely 'within the breast of the judge,' until the bill is settled and signed, as are the records of the court during the term. The bill of exceptions, when signed and filed, is doubtless to be regarded as a part of the records of the term; but the proceedings by which that document is put into form and duly authenticated, are, at least so far as the practical fact is concerned, matters which are not closed at the adjournment of the term, but which are subsequent to the term, and which may be regarded, when the term of the court ends, as 'pending and undisposed of.' We see no reason, then, why the matter of settling and signing the bill of exceptions, where time for that purpose is given, may not be regarded as continued by operation of the statute, in such sense, at least, as to vest the court with power over the subject at its next term, providing such term intervenes, and the court takes action before the period limited has expired.

"But the circumstances of this case do not require a decision of the question here suggested, as the extension of the time to file the bill of exceptions was granted by the court upon the express stipulation of the parties. It should be observed that no question is made as to the authority of the respective attorneys to enter into such stipulation for and on behalf of their clients. Such authority is averred in the petition, and is not denied or questioned by the answer or affidavits, and we do not understand counsel for the respondent as challenging such authority in the least. Furthermore, such authority must have been passed upon and found by the Superior Court on entering the order extending the time for filing the bill of exceptions, as the order recites that the extension of time was made on the stipulation of the *parties,* which could only be

true upon the theory that the attorneys had competent authority to enter into the stipulation, so as to make their act, in law, the act of their clients.

"Whatever may have been the power of the court in the premises in the absence of a stipulation, we can not doubt that such power was given by the express consent of the parties themselves. The records of a court are not so far closed at the end of the term that the parties may not appear at a subsequent term, and, by agreement, authorize the court to open them and take further proceedings. Can it be doubted, for example, that where a judgment is entered by default at one term, the parties may appear at a subsequent term, and by stipulation authorize the court to set the judgment aside and give leave to the defendant to defend? Or can it be doubted that where a decree of foreclosure is entered at one term, the parties may appear at a subsequent term, and by their agreement authorize the court to vacate the decree, and enter a new decree for a larger or smaller sum, or permit the whole case to be re-litigated? We see no reason, either in law or in public policy, why any proceeding, however final or conclusive, where the rights of no third party have intervened, may not be opened by the court, where all the parties so agree, and the court be thus re-invested with jurisdiction to take further proceedings therein. So in this case, if all proceedings in relation to obtaining a bill of exceptions were to be regarded as closed at the expiration of the time limited by the court at the preceding term, the parties had clearly the power and the right, by agreement, to open them, and thus invest the court with power, by an order entered in pursuance of their stipulation, to extend the time by granting a further period for filing the bill of exceptions.

"But it is said that the Supreme Court has taken a different view of the law in the recent case of *Hake* v. *Strubel*, 121 Ill. 321. We do not so understand that case. There, sixty days were given to file the bill of exceptions, and, before that time

9—129 ILL.

had expired, the judge, *in vacation,* assumed to grant an extension of time, and the question presented was, whether a circuit judge, *in vacation,* has the power to extend the time for presenting and filing a bill of exceptions beyond the time fixed by the court at the term at which judgment was rendered, and still make the bill of exceptions a part of the record. The answering of this question in the negative in no way militates against any of the views we have expressed. It can not be, and never has been, pretended, so far as we know, that a judge, in vacation, in the absence of express statutory authority, can interfere with or change the records of the court over which he presides. Where the performance of particular duties in vacation is, in conformity with recognized rules of practice, committed to him by an order entered in term time, he may perform those duties according to and within the terms of the order, but he can not modify or enlarge the order, and thus extend his powers.

"The entry of orders in judicial proceedings are judicial acts, and must be performed by the court when in session, and not by a judge in vacation. As said in the case last cited: 'The making of the order allowing appeal, and fixing the amount of the bond, and the time in which the bond and bill of exceptions in the cause shall be presented and filed, is a judicial act, which can only be performed by the judge in term time, and when sitting as a court. The making of the order is an exercise of judicial power vested in the presiding judge, but the order, when made, is the order of the court. If, then, the original order of appeal, providing, *inter alia,* within what time the bill of exceptions in the cause might be presented and filed, was a judicial act, which could only be performed by the judge in term time and when sitting as a court, as we have seen is the case, it follows that the act of changing such an order by entering another order extending the time in which the bill of exceptions in the cause might be presented and filed,—fourteen days,—would be of the same judicial character,—an ex-

ercise of judicial power,—and such act could be performed by a judge only in term time.'

"It follows necessarily, from the same course of reasoning, that the judge was powerless to change the order in vacation, even by consent or stipulation of the parties. It being a judicial act, which the judge had no power to perform in vacation, such power could not be given by stipulation, upon the principle that jurisdiction, so far as it relates to the subject matter of judicial action, can not be given by consent. The same want of judicial power, however, does not exist where the judge is sitting as a court. There, the jurisdiction over the subject matter is given by law, and the judge has power to enter any proper order, where there is jurisdiction of the parties, either by the service of process or by voluntary consent.

"We are of the opinion that the respondent had the power to sign and seal the bill of exceptions, in the present case, at the time it was presented to him for his signature, and having the power, it was his duty so to do. It appearing that the bill of exceptions has been settled, and all disputes in respect to its contents decided, so that nothing remains to be done but the ministerial act of signing and sealing the document as prepared and settled, a peremptory writ of *mandamus* will be awarded, commanding the respondent to sign and seal the same."

For the reasons stated, the judgment of the Appellate Court awarding the writ of *mandamus* is affirmed, and the writ will accordingly issue from that court.

Our attention is called by counsel for respondent to the character of argument resorted to in this cause, and we are asked to protect counsel from language calculated to provoke violence or common retort, and thereby preserve the dignity of the profession and prevent contempt of the courts. Until the offense of counsel has become so flagrant that we have felt compelled to strike printed briefs or arguments from the files for that reason, we have not regarded it as our duty to

take notice of infractions of professional courtesy and ethics. It should, however, be said, that attacks upon the personal or professional character of opposing counsel, or upon their conduct during the progress of a cause, unwarranted by the facts shown in the record, subserve no good purpose to the party making them, before this tribunal. Ordinarily, not only has this court received at the hands of the profession the highest consideration and courtesy, but we have been glad to observe that the relations of the bar, each to the other, have been marked by a like sense of professional propriety. The departures from the personal and social amenities of the profession have been rare. A sense of what is due the profession, as well as to the courts, of which they are officers, should admonish counsel to suppress exhibition of all personal animosity, and to restrain them within the limit of respectful and courteous argument. This the court has the right to expect, and in so far as it has power, will promote and enforce.

*Judgment affirmed.*