THE VILLAGE OF MARSEILLES

v.

GEORGE HOWLAND.

*Filed at Ottawa January 22, 1891.*

136   86
159   615

136   86
157   402

136   81
59a   57
61a   538

136   81
166   158

136   81
76a   469

1. BILLS OF EXCEPTIONS — *extension of time—jurisdiction—to settle bill of exceptions after the term.* The settling of a bill of exceptions, and also the extension of the time for filing the same, are judicial acts, and such acts can be performed only while the court or judge performing them has jurisdiction of the subject matter and of the parties.

2. Where an order is entered at the term at which the judgment is rendered, extending the time for presenting the bill of exceptions to some day beyond the term, jurisdiction to settle and sign the bill is retained until the expiration of the time thus limited.

3. If no bill of exceptions shall be presented to the judge within the time prescribed, the jurisdiction to settle and sign the same will have expired, unless the time has been extended by some competent authority, and if so extended, the same result follows if no bill is presented within the period of such further extension.

4. The time for settling a bill of exceptions was, by stipulation of the parties' attorneys, made in vacation, without the concurrence of the judge, extended to the 10th of October, 1889. A bill was presented to plaintiff's attorney on October 9, by whose request it was left with him until the following day. After some changes it was agreed to, and plaintiff's counsel indorsed thereon that it was presented to him on the 9th of October, and after some corrections on the 10th it was deemed correct, and it was agreed that it might be used in place of a copy in the record, when duly signed and sealed by the judge. Defendant's attorney on the same day (October 10) deposited the bill so agreed upon, in the express office, to be forwarded to the judge, but it did not come to his hands until the next day, and he declined to sign it without plaintiff's consent, which was refused. On October 14 the court again convened, and on November 7 the court ordered that the time be further extended, so as to include October 11, and the judge signed the bill as of that date : *Held*, that the court had no jurisdiction to make the extension, and that the bill of exceptions was properly stricken from the record by the Appellate Court.

5. SAME—*extension of time by agreement—an indorsement by counsel construed.* On the last day for the presentation of a bill of exceptions the plaintiff's attorney indorsed thereon : "The foregoing bill of exceptions was tendered to us on the 9th day of October, 1889, and, after

6—136 ILL.

corrections, O. K.'d by us this 10th day of October, 1889, and may be used in place of a copy in the record, when duly signed and sealed by the judge :" *Held,* that the indorsement could not be construed as an extension of the time for presenting the bill, beyond the day the indorsement was made.

WRIT OF ERROR to the Appellate Court for the Second District ;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. BIRD BICKFORD, for the plaintiff in error.

Messrs. BREWER & STRAWN, for the defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a petition, filed by George Howland against the village of Marseilles and its officers, for a *mandamus* to compel the application by said village of certain moneys in the village treasury, in part payment of a judgment for $5500 and costs, previously recovered by the petitioner against said village for a personal injury, and to compel the proper officers of said village to levy and collect such taxes as might be necessary to pay and satisfy the residue of said judgment. Issues were formed upon said petition by answers and replications, and a trial being had before the court, a jury having been waived, the issues were found for the petitioner, and judgment was thereupon entered awarding a peremptory *mandamus* commanding the president and board of trustees of said village to pay, out of moneys in the village treasury, in part satisfaction of said judgment, the sum of $1500, and to levy annually thereafter certain taxes and pay the same upon said judgment, until it should be satisfied in full. Said village appealed to the Appellate Court, and in that court the counsel for the petitioner moved to strike the bill of exceptions from the record, which motion was sustained. The first question presented here, and the one to which the arguments of counsel have been

chiefly directed, is, whether said bill of exceptions was properly stricken from the record.

The judgment was rendered July 2, 1889, that being one of the days of the June term, 1889, of the Circuit Court of La-Salle county, and by an order then entered, the time to present a bill of exceptions was extended to and including September 16, 1889. On the 15th day of September, 1889, the attorney for the defendant, not being able, on account of the absence from the State of the official stenographer of said court, to obtain an accurate copy of the testimony, applied to the attorneys for the petitioner for an extension of said time, and thereupon, by a written stipulation signed by the attorneys for both parties, the time for tendering a bill of exceptions was extended to the first day of October then next following. The attorney for the defendants not being able to obtain a copy of the testimony within the time as thus extended, applied to the attorneys for the petitioners, on the 30th day of September, 1889, for a further extension of time, and in compliance with that application, the attorneys for the petitioner wrote upon the former stipulation a further stipulation extending the time to October 10, 1889. On the 9th day of October, 1889, the attorney for the defendant placed his proposed bill of exceptions in the hands of one of the attorneys for the petitioner and left it with him for examination, and in the afternoon of the same day returned for it so as to send it to the judge before whom the suit was tried, who was then at Joliet, Ill., for his signature. He was then informed by the attorneys for the petitioner that they had not had time to read it, and they requested him to leave it with them until the next morning, which he did. On the morning of October 10, he again went to their office, and after certain changes in the draft of the bill suggested by them and consented to by him had been made, the attorneys for the petitioner wrote upon and signed the following memorandum:

"The foregoing bill of exceptions was tendered to us the 9th day of October, 1889, and after corrections, O. K.'d by us this 10th day of October, 1889, and may be used in place of a copy in the record, when duly signed and sealed by the judge."

The defendants' attorney thereupon took said bill of exceptions, and at about 11 o'clock in the forenoon of October 10 deposited it, together with said stipulations, in the express office at Ottawa, to be forwarded to said Judge at Joliet, but said documents did not reach the hands of said judge until the day following. Said judge declined to sign said bill without the consent of the attorneys for the petitioner, which consent they refused to give.

The October term, 1889, of the Circuit Court of LaSalle county convened October 14, 1889, and on the 7th day of November, 1889, which was one of the days of that term, the attorney for the defendants entered his motion to re-docket said cause, and that an order be entered further extending the time for the presentation to said judge of said bill of exceptions. The attorneys for the petitioner appeared and resisted said motion, but on proof of the facts as above set forth, the court granted said motion and extended the time for presenting said bill so as to include the 11th day of October, 1889, the day on which it came into the hands of said judge, and said bill of exceptions was signed and sealed by said judge as of said 11th day of October, 1889.

As we held in *Hake* v. *Strubel,* 121 Ill. 321, and *Hawes* v. *The People,* 129 id. 123, the settling of a bill of exceptions, and also the extension of the time for filing the same, are judicial acts, and it follows that such acts can be performed only while the court or judge performing them has jurisdiction of the subject matter and of the parties. Where an order is entered at the term at which the judgment is rendered, extending the time for presenting the bill of exceptions to some day beyond the term, jurisdiction to settle and sign the bill is retained until the expiration of the time thus limited. If no bill

of exceptions is presented to the judge within that time, the jurisdiction to settle and sign such bill has expired, unless the time has been extended by some competent authority, and if so extended, the same result follows if no bill is presented within the period of the extension.

In this case it will be unnecessary for us to determine whether this jurisdiction can be extended by the mere stipulation of the parties in vacation in the absence of any concurring action of the court sitting judicially, since admitting the effectiveness of the stipulations, the period of extension thereby produced terminated on the 10th day of October, 1889, and the bill of exceptions was not presented to the judge until October 11. Presenting the bill one day too late placed it just as effectually beyond the jurisdiction of the judge as though it had been presented one month or six months after the period of extension had expired.

It is suggested that depositing the bill of exceptions in the express office should be deemed to be a delivery to the judge, thus producing at least a constructive delivery to him on October 10. We know of no principle of law upon which this view can be sustained. Delivery to an agent is a delivery to his principal, but that is not this case. Here the express company was employed by the attorney for the defendants, and was therefore his or their agent, and not the agent of the judge. This case is not different from what it would have been if said attorney had dispatched a special messenger to Joliet to deliver the bill of exceptions to the judge, or had gone himself. There was therefore no delivery of the document to the judge until it was actually placed in his possession.

It is also urged that the indorsement placed upon the bill of exceptions by the attorneys for the petitioner on the morning of October 10 was, in effect, an extension of the time for presenting the bill of exceptions to the judge. We are unable to discover that such was its effect. It certainly does not in terms stipulate for an extension of time, nor does any such

extension seem to us to be implied. When that indorsement was made the time had not expired, and sufficient time remained, as we may presume, to enable the defendants' attorney, by the exercise of due diligence, to place the bill of exceptions in the hands of the judge that day. The first part of the indorsement acknowledges that the bill of exceptions was placed in the hands of the attorneys for the petitioner October 9, and that, on October 10, certain corrections had been made in it which rendered it satisfactory to them. The residue of the indorsement is a stipulation that the original bill of exceptions, "when duly signed and sealed by the judge," might be used as a part of the record in place of a copy, intending obviously to make a stipulation under the recent statute which allows the original bill of exceptions, by agreement of the parties, to be used without transcription, in making out a transcript of the record to be transmitted to the Appellate Court on appeal. The condition of the stipulation is, that the bill of exceptions might be so used when duly signed and sealed by the judge, a condition which could be complied with only by placing the document in the hands of the judge that day, for only in that case could it be properly or "duly" signed by him.

The time having expired before the bill of exceptions was placed in the hands of the judge, the court at its subsequent term had no jurisdiction over the matter, and its order by which an attempt was made to further extend the time was ineffectual and nugatory. In *Hawes* v. *The People, supra,* we held that, where the time for settling and signing the bill of exceptions is extended beyond the term at which judgment is rendered, the court at a subsequent term, may take jurisdiction of the matter and make an order granting a further extension of time, providing such subsequent term intervenes and the court takes action before the period limited has expired. Here, however, the time limited had expired before the court had convened and before any action had been taken, and

therefore after its jurisdiction over the matter had terminated. We are of the opinion then that the bill of exceptions was properly stricken from the record.

There being now no bill of exceptions in the record there is nothing before us to sustain any of the assignments of error which involve a consideration of the evidence. Some attempt is made to point out errors in the record proper, but after duly considering the suggestions of counsel in that behalf, we fail to find anything which seems to us to call for discussion. We, are of the opinion that the judgment was properly affirmed by the Appellate Court, and the judgment of that court will therefore be affirmed.                     *Judgment affirmed.*