## Chicago, Burlington & Quincy R. R. Co. v. Lucas Ruttka.

1. ORDINARY CARE—*Exercise of, Essential to a Recovery.*—It is the settled law of this State that the plaintiff can not recover damages for a personal injury received in consequence of the negligence of the defendant, unless he was himself, at the time, in the exercise of ordinary care.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 3, 1895.

### STATEMENT OF THE CASE.

This was an action on the case for injuries received by the plaintiff on the 12th day of January, 1891. He was employed by the defendant to clean and repair switches, and at the time of the accident was at work in the Morgan street yards, at a point between Morgan street and the next street west of Morgan street.

The plaintiff testified that at the time of the accident he had been employed by the defendant to clean and repair switches for one year and several months; that on January 12, 1892, at about eight o'clock in the morning, he was at work cleaning out ice from a switch twenty to thirty steps west of Morgan street; that there were about five tracks between the switch he was at work upon and Sixteenth street, which lies just south of the system of tracks at this place; that he had worked at this point from forty to fifty times before; that his face was turned toward the west with cars standing upon his left hand side; that he first noticed the cars which afterward struck him, standing upon the track to his right, that is to the north, and fifteen or twenty steps toward Center avenue, the next street to the west of Morgan street, with no engine attached to them at that time; that shortly after, an engine was attached to these cars and they were pulled toward Morgan street, where they stopped; that the last car of such train was about ten or fifteen steps from the switch he was working upon, and

backed down upon him and struck him upon the back; that while he was at work he looked toward Center avenue, and once in awhile looked back toward Morgan street; that after the cars passed toward Morgan street, the switch upon the track next to him was turned, so as to let the cars through toward Morgan street; that there was no way to get those cars from the adjoining track to the track upon which the plaintiff was at work, except by turning the switch, which was about fifteen steps from the one upon which the plaintiff was at work; that it is customary when a switchman turns a switch to halloo if he sees some one on the track, or ring a bell or blow a whistle; that he heard none of those warnings given at that time, but that there were noises all around him, and that trains were always running backward and forward.

There was a verdict and judgment for the plaintiff.

CHESTER M. DAWES and FRANK O. LOWDEN, attorneys for appellant.

JONES & LUSK, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee has moved to strike the bill of exceptions from the record, the facts upon which such motion is based being the statement that "At the December term, 1894, an order was entered giving forty days to file a bill of exceptions. The time would expire January 24, 1895. On January 23d the time was extended ten days without notice to appellee. The bill of exceptions was filed within this ten days."

We regard Hawes v. The People, 129 Ill. 123, and Village of Marseilles v. Howland, 136 Ill. 81, as decisive of this motion, and it is denied.

It does not affirmatively appear that the extension of January 23d was granted without notice.

One of the principal questions upon the trial of this cause was whether the plaintiff was at the time of the accident exercising ordinary care for his own safety.

The plaintiff asked, and the court at his instance gave, the following as an instruction:

"Negligence of the employer, resulting in injury to the employe, is not included in the perils incident to the employment. The negligence of the servants of the employer is the negligence of the employer, and the employer is responsible for an injury resulting from such negligence, except when the injury is caused by a fellow-servant of the injured party, or when the plaintiff himself is guilty of gross negligence."

It is the settled law of this State that the plaintiff can not recover for negligence of the defendant unless he himself is in the exercise of ordinary care. Railway Co. v. Wallace, 11 Ill. 114; C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512.

The instruction clearly misstates the law and was most prejudicial to the defendant.

The judgment of the Superior Court is therefore reversed and the cause remanded.