## Joseph E. Morris v. Lyda E. Watson.

1. BILL OF EXCEPTIONS—*Parties Can Not Extend the Time for Filing by Stipulation.*—Parties can not, after the adjournment of court for the term, extend the time fixed by the court for filing a bill of exceptions. The court having then lost jurisdiction can not consent expressly or impliedly to such an arrangement.

**Motion to Strike Bill of Exceptions from the Files.**—Appeal from the County Court of Lake County; the Hon. D. L. JONES, Judge, presiding. Heard in this court at the December term, 1895. Motion allowed and judgment affirmed. Opinion filed January 17, 1896.

CARLILE, EVERETT & EAKINS, attorneys for appellant.

ALDRICH, WINSLOW & GEORGE, attorneys for appellee.

PER CURIAM.

In this case the appellee moves the court to strike from the record the bill of exceptions.

It appears from the record that the cause was tried in the County Court, that the verdict of the jury, judgment on the verdict, and prayer for appeal occurred on May 18, 1895; that on the same day the prayer for an appeal was granted on the condition that a bond and bill of exceptions was to be filed within sixty days from that date, and that the county judge received and signed the bill of exceptions July 24, 1895, being after the time allowed for the filing thereof had expired.

The above failure to have the bill of exceptions presented to and signed by the judge, and filed within the time required by the court in its order, are the grounds relied on by appellee for striking the bill of exceptions from the record.

To avoid the consequence of such failure to comply with the order of court, appellant shows from the record that a stipulation of the parties herein, extending the time for presenting the bill of exceptions, was filed in the case, which appeared in the record filed by the clerk of the court, July 17, 1895, extending the time for filing the bill of exceptions thirty days. The bill of exceptions was filed as above stated July 24, 1895, and there is no other order of record showing any action of the court in term time extending the time to sign and file the bill of exceptions.

It is contended that counsel for appellee had a right, by agreement as in this case, to extend the time indefinitely, especially if he did so by his stipulation within the time required and agreed upon at the term of court when the order for extension was made, and it is insisted that was done in this case.

We think that parties after the adjournment of court, as was done in this case, can not stipulate for an extension of time, because then the court has lost jurisdiction and can not consent expressly or impliedly to such an arrangement.

" The settling of a bill of exceptions and also the extension of time for filing the same are judicial acts, and it follows that such acts can be performed only while the court performing them has jurisdiction of the subject-matter and the parties. When an order is entered at the term at which the judgment is rendered extending the time for presenting the bill of exceptions to some day beyond the term, jurisdiction to settle and sign the bill is retained until the expiration of the time thus limited." Village of Marseilles v. Howland, 136 Ill. 81.

In the same case it was held that " where the time for settling and signing a bill of exceptions is extended beyond the term at which judgment is rendered the court at a subsequent term may take jurisdiction of the matter and make an order granting further extension of time providing such subsequent term intervenes and the court takes action before the period limited has expired."

This being the law, can the parties, without any order of the court granting such extension, extend the time by stipulation, even if such agreement were made before the time first granted expires ? The April term of court must have closed before the June term of the same court began.

We are of the opinion that as it requires action of the court to extend the time given in which a bill of exceptions must be signed, if the time has expired before it is signed, it should require a similar order to extend such time when done by agreement, and such order is necessary to carry out the agreement.

The court only retains jurisdiction for one purpose, and this is to sign the bill of exceptions within the time granted and not thereafter.

Can it be said that its jurisdiction can be extended by agreement of parties without the sanction of the court and even against its will and protest ?

Such a practice, we think, could not be sanctioned.

·It would be a dangerous practice to allow parties by agreement to extend the time for signing bills of exceptions from time to time indefinitely without the sanction of the court. This principle, we think, can be deduced from the

various opinions of the Supreme Court. We will cite some of them: Hoke v. Strubel, 121 Ill. 329; Hows v. The People, 129 Ill. 123; Village of Marseilles v. Howland, *supra*. For the above reasons the motion to strike the bill of exceptions from the record is sustained and the bill of exceptions stricken from the record.

The bill of exceptions having been stricken from the record, there is nothing in the record from which the court can see that the verdict is not sustained by the evidence, or that any other of the supposed errors were committed by the court.

The presumptions in the absence of a bill of exceptions are in favor of the correctness of the judgment of the court below. It is therefore affirmed.