# CHARLESTON

Crowe v. Corporation of Charles Town.

Submitted February 26, 1907.    Decided April 18, 1907.

1. Exceptions, Bill Of—*Time of Signing.*
    Bills of exceptions are required to be signed at the term at which the trial is had, or within thirty days after the adjournment thereof, and after the expiration of such time, there is no jurisdiction to sign such bills; nor can jurisdiction to do so be conferred by consent of parties.    (p. 95.)

2. Municipal Corporations—*Change of Grade—Damages.*
    A municipal corporation changes the established grade of one of

its streets. An action lies by the owner of property abutting on such street for damages caused by such change in grade. (p. 92.)

3.  TORTS---*Pleading---Demand.*

   In actions *ex delicto*, it is not necessary, as a prerequisite to his right to sue, that the plaintiff allege a demand against the wrong-doer. (p. 93.)

Error to Circuit Court, Jefferson County.

Action by M. A Crowe against the corporation of Charles Town. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

FORREST W. BROWN and T. C. GREEN, for plaintiff in error.

MCDONALD & BECKWITH, for defendant in error.

SANDERS, PRESIDENT:

The plaintiff, M. A. Crowe, brought an action of trespass on the case against the corporation of Charles Town in the circuit court of Jefferson county, for the purpose of recovering damages alleged to have been sustained by her by reason of a change in the grade of one of its streets, upon which certain property owned by her abutted, and which resulted in a verdict and a judgment for the plaintiff, and the defendant applied for and obtained a writ of error.

The first question arising is whether or not the demurrer to the declaration should have been sustained. It is claimed that it does not give the defendant fair notice of the plaintiff's claim, or for what damages are demanded. The declaration shows the plaintiff was the owner of a certain house and lot, situate within the corporate limits of Charles Town, abutting upon Samuel Street, and that the defendant changed the grade of the street by making fills therein, thereby raising the same. This allegation would seem to be sufficient to inform the defendant of the plaintiff's ground of complaint, and sufficient to enable it to defend. It surely would not be necessary to aver the exact height of the fill or just to what elevation the street had been raised. The defendant had notice that the plaintiff charged it with changing the grade of a certain street at a certain place; that she claimed

that her property abutting thereon had been injured by reason thereof, and that she would asked to be compensated in damages therefor.   It is argued that in the declaration it is alleged that the defendant wrongfully, unlawfully and injuriously, without the plaintiff's consent, filled the street along and in front of the plaintiff's property, and thereby caused a high embankment to be made along the whole of the front of her property, from four to five feet high, raising the grade of the street two or three feet higher than it was when she bought the property. There is nothing uncertain in this allegation.   The raise in the grade of the street could very easily have been four or five feet, and the embankment thereby caused to extend four or five feet higher than her property, and at the same time the raise in the grade since the property was purchased by her might only have been two or three feet, and whether it is called a fill in the street or an embankment along and in front of her property is immaterial, because it is alleged to have been placed there by the defendant, and it would seem that this certainly would be sufficient notice to it.   The question as to the extent of the raise or fill goes to the quantum of damages, and whether permanent or temporary would be a question to be submitted to the jury, as the plaintiff would be entitled to recover such damages as she has sustained, although the injury might be temporary.   An allegation that the defendant intended to maintain the street permanently in the condition as filled certainly would not be necessary to save the declaration from criticism.

The defendant claims that the declaration is bad because it seeks to recover for acts alleged to have been committed after the institution of the suit.   Upon a fair and reasonable construction of the declaration, this position is not tenable, and in fact it is difficult to see how a declaration could be filed to recover damages for an anticipated injury—one that has never been committed.   This declaration is filed to redress an alleged wrong, setting forth and describing its nature, and of what it consists.   It cannot be said that it is filed for the purpose of recovering for a wrong yet to be committed.   It is true there is an allegation in the declaration that "plaintiff was on the first day of April, 1904, and has been continuously since and now is in the actual occu-

pancy and possession of said lot and premises, jointly with one —— Conklyn, the said Conklyn occupying a portion of the premises under a lease from plaintiff from April 1st, 1904, to April 1st, 1905." This last date being the last date given, thereinafter it is alleged: "Nevertheless, the defendant well knowing the premises, to-wit, on the day and year last aforesaid," did, etc. The declaration was filed at January rules, 1905, and it would be very unreasoeable to say that the reference was to a future day, when the plaintiff was seeking to recover damages for an injury already sustained. It is perfectly obvious that this clause related to the first day of April, 1904, the time the plaintiff alleges she was the owner of the property—in fact, it is the only one it could have had reference to, and a reasonable, common sense construction forces us to so hold. It would be technical in the extreme to hold otherwise. On a demurrer the court will not regard any defect or imperfection in a declaration unless there has been omitted something so essential to the action that judgment according to law and the very right of the cause cannot be given. Section 29, chapter 125, Code 1899, section 3849 Anno. Code 1906.

Another objection to the declaration is that it is not averred that a demand was made upon the defendant for damages claimed to have been sustained by her, and *Hutchinson* v. *Parkersburg*, 25 W. Va. 226, is cited to support this position. This case does not decide that such demand is a condition precedent to the bringing of the suit—in fact, such point did not arise. It is true in the syllabus it is held that the right of action exists after a demand has been made, yet it is not held that such demand is a prerequisite to the right to sue. We cannot say and the authorities do not hold that before one has a right to sue a municipal corporation for a tort a demand is necessary. The commission of the tort gives a present right of action. "When there is a debt, or duty to pay money presently, an action may be brought to secure it without a previous demand. A party is only bound to allege a request when the object of that request is to oblige or enable the other party to do something. If it be said of the latter of the two rules that it is too general to be useful, this defect might be remedied by

defining the word 'something' to mean some other thing than the mere payment of money—some collateral thing which, from the very nature of the contract or obligation, he is not expected to do without request having been made." 1 Barton's Law Pr., p. 320. "A request or demand must always be averred where the object of that request is to oblige or enable the other party to do something; but if the matter is a debt, or duty to pay money, presently, no previous demand need be alleged." Hogg's Pleadings and Forms, p. 61. Also, see 3 Robinson's Practice, 603, and cases cited.

These authorities have reference to actions *ex contractu*, and are cited to show that even in those cases a demand is not necessary when there is a present right of action. It is the universal rule that no demand is necessary in actions for tort. "It is universally held, even in those jurisdictions where demand is required under other circumstances, that as against wrong doers no demand is necessary as a prerequisite to action." 1 Cyc. 695, and numerous cases cited. We find no fault with the declaration, and are of opinion that the demurrer was properly overruled.

There are many other assignments of error, but we are precluded from passing upon them, as their determination involves a consideration of the evidence, which we find has not been made a part of the record. Prior to the passage of our statute, section 9, chapter 131, section 3979 Ann. Code 1906, bills of exceptions were required to be taken at the term at which the trial was had and judgment pronounced, but by this statute it is provided that they may be taken, signed and certified to the clerk, and made a part of the record within thirty days from the adjournment of the term. But for this enactment no bill of exceptions after the term ended could be signed and made a part of the record, and the only authority that a judge has for doing so now is by virtue thereof. This Court has repeatedly held that it must be done in the thirty days provided for, and cannot be done after that time, but this case now presents a different question to any that has been before this Court for consideration, in this, it is claimed that the attorneys for the plaintiff and defendant agreed in writing that the bill of exceptions could be signed and certified after the expiration of thirty

days, and be made a part of the record the same as is done within the thirty days. In disposing of this question, it may be well to review the decisions and statutes of this State and Virginia, and of some of the other states.

The practice under our statute prior to the passage of the acts of 1891, required bills of exceptions to be tendered to the court during the term at which the trial was had. This is expressly decided in the cases of *Wickes* v. *B. & O. R. Co.*, 14 W. Va. 157, and *Welty* v. *Campbell*, 37 W. Va. 797, the first point of the syllabus in the latter case being: "Previous to the act of March 12, 1891, which took effect at the expiration of ninety days from its passage, the rule of practice was, that bills of exception might be signed by the judge presiding at the trial before the close of the term, at which final judgment was rendered, but not afterwards." In *Winston* v. *Giles*, 27 Grat. 530, an action at law was submitted to the judgment of the court without a jury, and the court rendered judgment, to which one of the parties excepted. It being near the end of the term, the court gave counsel time until the first day of the next term to prepare a bill of exceptions, but judgment was rendered; and it was held that the court could not give the leave, and that the bill of exceptions could not be made a part of the record.

There is no expression in any of the adjudicated cases which would indicate that even under the practice which existed prior to the passage of the act giving time after the term within which bills of exceptions could be signed, the parties could agree that such bills could be signed after the adjournment of the term, unless it is in the case of *Page* v. *Clopton, Judge*, 30 Grat. 415, the second point of the syllabus in that case being: "The usual practice is to give notice of the exception at the time the decision is made, and reserve liberty to draw up and present the bill for settlement and signing, either during the trial or after the trial, and during the term as may be allowed by the court, but it must be signed during the term at which final judgment is rendered; and it will be disregarded in the appellate court, if signed after the end of such term, although signed pursuant to a previous order allowing it, unless, perhaps, such order be made by consent of parties." But even this case does not hold that such consent could be given by the par-

ties, and it certainly does not apply where the statute fixes a time beyond the trial at which bills of exceptions may be signed, as does our present statute, and if the time is extended beyond the period specified in the statute, it is clear that the court loses control of the matter, just as it formerly lost control of it by the lapse of the term.

In the case of *Jordon* v. *Jordon*, 48 W. Va. 600, the statute now in force was construed, the Court holding: "Bills of exceptions must be signed, either during the term at which final judgment is rendered or within thirty days after its close, else they are no part of the record, and cannot. be considered by this Court.". The decision in this case, which was written by JUDGE BRANNON, is a luminous discussion of the principles involved in settling bills of exceptions.

By a statute of Virginia, passed in 1901, it was provided that a bill of exceptions might be signed in vacation, within thirty days after the end of the term, or at such other time as the parties by consent entered of record might agree upon. This statute was construed in the case of *Lynchburg Cotton Mills* v. *Stanley*, 102 Va. 590, it being held: "Where an action is argued and submitted at one term of a court and decided at a later term the parties have, under Acts 1901, p. 186, thirty days after final judgment, or such time as the parties shall agree of record, within which to perfect exceptions duly taken to rulings during the trial. The object of this act was to extend the time within which such bills of exceptions might be taken." This construction is plainly in accord with the meaning and intention of the statute, and does not contravene any princple annouced in the decisions prior to the enactment of the statute. The provision in this recent statute for an agreement goes to show that it was not intended by the former statute that bills were to be signed by consent of the parties after the adjournment of the term. If such was the law, why make provision for it in the new statute?

In the courts of the United States, owing to the fact that there is no express statutory provision governing the signing of bills of exceptions, the rule as to signing such bills. is much more elastic than in those jurisdictions where statutes have been enacted limiting the time within which such.

bills may be signed, and while the circuit courts may adopt the practice of the state courts as to the signing, yet when so adopted the rule is not absolutely binding, as in the case of *United States* v. *Breitling*, 20 How. 252, the judge of the circuit court of the United States in Alabama, by a general rule, adopted the practice of the State courts, which is regulated by a statute providing that no bill of exceptions can be signed after the adjournment of the term, unless with the consent of counsel; but where the judge holding the circuit court in Alabama, signed a bill of exceptions under special circumstances, after adjournment, and without the consent of counsel, the Supreme Court of the United States considered the exceptions as properly before it, it being said: "It is in the power of a court to suspend its own rules, or except a particular case from them, to subserve the purposes of justice." While the general rule in these courts is that the bill should be given to the judge for his signature during the trial, yet the judges may and often do sign bills of exceptions *nunc pro tunc* after the trial, which, it is said, in *Sheppard* v. *Wilson*, 6 How. 260, is the English practice, under the statute Westminster 2, which gave the right to bills of exceptions, and the practice recognized in the Supreme Court of the United States. It is, of course, necessary that the exception should be taken at the trial, and noted by the court with the requisite certainty, the original authority under which bills of exceptions are allowed being considered restricted to matters of exception taken pending the trial and ascertained before verdict. When matters of exception have thus been saved, it is permissible to sign bills of exceptions after the trial, or with the consent of parties, such bills may be signed after the adjournment of the term. *U. S.* v. *Jones*, 149 U. S. 262; *Hunnicut* v. *Peyton*, 192 U. S. 333; *Jones* v. *Grover &c. Machine Co.*, 131 U. S., Opp. C. I.

The practice in Illinois, while there is no statute allowing it, is to allow time within which to present bills of exceptions, by an order entered of record, or by a written stipulation of parties filed in the case, and this practice is recognized by the Supreme Court of that State. But by an unbroken line of decisions it it held that such bills must be signed within the time limited in the order or stipulation. In *Hake* v.

*Strubel,* 121 Ill. 321, the judge trying the case entered an order giving sixty days in which to prepare and have signed a bill of exceptions, and it was held that he had no power, even within the sixty days limited, to extend the time, and if he approves and signs a bill after the sixty days, the act of so approving and signing will be treated as a nullity. *Village of Marseilles* v. *Howland,* 136 Ill. 81; *Hawes* v. *People,* 129 Ill. 123.   But while there is no provision under the statute of that state expressly authorizing the court to extend the time beyond the term, yet the statute is silent as to just when the bills are to be signed, unlike ours, wherein the act of doing so is limited to a certain time.

We find that the Supreme Court of Kansas holds that a bill of exceptions must be reduced to writing, presented for signature and signed before the expiration of the term at which final judgment was given, and that even by consent the time for signing cannot be extended beyond that term. *State* v. *Bohan,* 19 Kas. 28.   "The judge has no power, even when consent of counsel has been given, to extend the time for reducing exceptions to writing, beyond the trial term."   *Gallagher* v. *Southwood,* 1 Kas. 143; *Hoggden* v. *Commissioners,* 10 Kas. 637.   These decisions come from an able court, and are entitled to much force in construing our statute, because by the statute of that state the time for signing bills of exceptions is limited.

The supreme court of Alabama holds that the bill of exceptions may be signed in term or within a certain time thereafter, pursuant to written consent of parties for that purpose, but there they have a statute providing that no bill of exceptions can be signed after the adjournment of the term during which the exception was taken, unless by consent or agreement of counsel in writing, except in such cases as is otherwise provided for, and the decisions say it must affirmatively appear that the bill was signed in term time, or if after the adjournment, then pursuant to an agreement in writing of counsel. *Stephens* v. *State,* 47 Ala. 696; *Rubber Co.* v. *Mitchell,* 37 Ala. 314; *Stein* v. *McArdle,* 25 Ala. 561; *Markland* v. *Albes,* 81 Ala. 433; *Maddox* v. *Broyles,* 42 Ala. 436.   That the court of that State holds that bills of exceptions can be signed and made a part of the record by

consent of counsel after the adjournment of the term, is absolutely correct, because express authority by statute is given to do so.

A statute very similar to ours is construed by the supreme court of Ohio in the case of *State* v. *Hawes*, 43 Ohio St. Rep. 16. There it was provided if the exception be true a majority of the judges composing the court must allow and sign it before the case proceeds, or, if the party consents, within thirty days after the end of the term. Thirty days after the adjournment is given, but different from our statute, in that under the Ohio statute consent must be given, which in such case is construed to be the consent of the party who excepts. While it was not expressly decided in that case, because the question did not arise, yet it would seem that it is regarded that the time within which to sign such bill is limited to the term, except by consent of the exceptor, and then to thirty days.

It is held under a Massachusetts statute, which requires exceptions allowed to rulings at the trial to be reduced to writing and filed with the clerk, and notice thereof given to the adverse party, and presented to the court before adjournment without day of the term, and within three days after the verdict in the case, and which provides that "for good cause shown a further time, not exceeding five days, unless by consent of the adverse party, may be allowed by the court," that the bill must be presented and signed within the time limited, unless by consent the time is extended, and that the object of the statute is to protect the adverse party and the judge from being compelled to examine the truth of the exceptions, of which they have no notice until after the time named in the statute has expired, but not to prevent the judge from afterwards allowing the bill, if he is satisfied with its conformity to the truth, and sees fit to do so, and the adverse party consents to such allowance. But we must bear in mind that the statute authorizes the extension beyond five days only by consent. *Doherty* v. *Lincoln*, 114 Mass. 362; *Walker* v. *Moore*, 122 Mass. 501; *Comm.* v. *Greenlaw*, 119 Mass. 208; *Barstow* v. *Marsh*, (4 Gray) 70 Mass. 165.

Under the statute of Georgia, every bill of exceptions is required to be served within ten days after the same shall

have been certified, provided further that within fifteen days from the date of the certificate of the judge the bill of exceptions shall be filed in the office of the clerk of the court where the case was tried, and the supreme court of that state, in *Vicars* v. *Sanders*, 106 Ga. 265, speaking of this statute, says: "Compliance with these requirements is essential to the validity of a bill of exceptions and it must in every case affirmatively appear." There the bill was held to be no part of the record, because it did not appear either that it had been served or that it was signed within the prescribed time.

In Missouri it is competent for the parties to stipulate that bills of exceptions may be signed and filed on or before a given date after the expiration of the term. *Swank* v. *Swank*, 85 Mo. 198. But this is by virtue of a statute which expressly authorizes it to be done by agreement. Thompson on Trials, section 2813, says that bills of exceptions may be signed and made a part of the record by stipulation of the parties after the expiration of the term, but no authority is cited to support this text except the case of *Swank* v. *Swank*, *supra*, the decision of which, as we have observed, is based upon a statute expressly authorizing the extension by consent of parties.

Under the statute of Arkansas, it was formerly necessary to present bills of exceptions for allowance at the term at which the trial was had, but a later statute provides for extending the time to a day not beyond the succeeding term, and it has been repeatedly held in that state that bills of exceptions, to become a part of the record, must be signed during the term, or within the time of the extension. "Time cannot be given beyond the term next after the one at which exceptions were taken, to file a bill of exceptions, and a bill of exceptions signed by the judge after the term, where no time was given, or after the next term thereafter when time was given, is a nullity." *Carroll.* v. *Saunders*, 38 Ark. 216; *St. L., I. M. & S. Ry. Co.* v. *Rapp.*, 39 Ark. 558. And in *St. L., I. M. & S. Ry. Co.* v. *Holman*, 45 Ark. 102, it is said when time is extended beyond the trial term, and the day fixed allowed to pass without action, the court loses control over the matter, and the opportunity for allowing and signing bills of exceptions is lost. This

statute was taken from the state of Kentucky, and the same construction is given to it there. *Freeman* v. *Brenham*, 17 B. Mon. 603; *Vandever* v. *Griffith*, 2 Met. 425; *Meadows* v. *Campbell*, 1 Bush 104.

The statute of Colorado requires bills of exceptions to be signed during the trial term, unless a day in vacation is allowed therefor by order of court. The court, having the power to sign the bill in vacation by fixing the time by proper order, it was held in *Murphy* v. *Cunningham*, 1 Col. 470, the absence of such order was corrected by a stipulation of the parties. There the court had the right to fix a time in vacation for signing the bill by entering the proper order, but did not enter the order, and the court recognized the agreement of the parties as taking the place of the order. *Rhoades* v. *Drummond*, 3 Col. 374.

By the Tennessee statute, Acts 1899, the courts of that state are permitted to allow parties time to prepare and file bills of exceptions, not exceeding thirty days after the close of the trial. Prior to this act, bills of exceptions were required to be taken and made a part of the record during the term, and it was held that unless the bill was prepared during the term, it could not be considered as a part of the record. *Clark Exr., &c.,* v. *Lary.* 3 Sneed 77; *Jones* v. *Burch*, 3 Lea 747; *Patterson* v. *Patterson*, 89 Tenn. 51. And since the passage of the act referred to, such bills of exceptions must be signed and made a part of the record in thirty days after the adjournment, otherwise they will be treated as a nullity and not considered a part of the record. *Bettis* v. *State*, 103 Tenn. 339; *Tucker* v. *Moore*, 61 S. W. 81; *Muse* v. *State*, 61 S. W. 80. "In the absence of express agreement or consent, the District Court possesses no power to sign bills of exceptions after the final adjournment of the court. Where the bill of exceptions appears to have been taken in vacation, and consent is not shown in one of the methods indicated, and objection is made in this court the bill will be stricken from the record." *Claggett* v. *Gray*, 1 Ia. 19. This case was decided under a statute of Iowa, authorizing the court to extend the time for preparing and signing bills of exceptions by consent of the parties.

There can be found many decisions of other states, which

are fully in accord with the ones herein cited and referred to, but we hardly deem it necessary to multiply decisions upon this subject.   In so far as we have attempted to review the decisions of other states, we have endeavored ·to refer to the statutes of those states, because in estimating the value of adjudications of other states as authority, it is needful to understand the statutes and the practice under them, and my search has led me to believe that no case can be found which authorizes the signing and making a part of the record a bill of exceptions after the time given by statute to do so has passed, where the statute makes such provison, and where it is not provided that the court may, by consent, of the parties further extend the time.   In fact, where the statute gives a certain time within which to prepare bills of exceptions, without qualifications, it seems that all the courts hold that the bill of exceptions must be signed by the court within this time, otherwise it is a nullity, and cannot be considered a part of the record.   When final judgment is rendered, and the court adjourns finally, for the term, it thereby loses jurisdiction of the person and of the subject matter unless such jurisdiction is in some way reserved by law.   Our statute does reserve to the court the right, within the limited time of thirty days after the adjournment, to sign and make bills of exceptions a part of the record, but beyond this limit the court cannot go, either by its own act or the act of parties.   Our conclusion is that the court was without power or authority to sign the bills ·of exceptions after the expiration of the time given in the statute—that there was no jurisdiction for so doing, the court having lost jurisdiction of the subject matter, as well as the parties, at the expiration of that time.   That the court is without jurisdiction to sign bills of exception after the expiration of thirty days is held in *Jordon* v. *Jordon*, *supra*, and such holding is consonant with both reason and authority.   *Hake* v. *Strubel, supra; Village* of *Marseilles* v. *Howland, supra.*   And inasmuch as the court had no jurisdiction, it follows necessarily that the parties were powerless to confer such jurisdiction by agreement or consent. *Yates* v. *Taylor Co. Ct.*, 47 W. Va. 376; *Ohio River R. Co.* v. *Gibens*, 35 W. Va. 517; *Freer* v. *Davis*, 52· W. Va. 1.

It is insisted, however, that if the bills of exceptions are not a part of the record, then that the stipulation of the parties, which is made a part of the record by the order of the judge, showing the signing and certifying of the bill of exceptions, is likewise no part of the record, and it is from this agreement only that it appears that the bills were signed and certified after the expiration of the thirty days from the adjournment of the term, because while the record shows that the final judgment was rendered on the first day of November, 1905, yet there is nothing in the record to show when the court adjourned, and that therefore it cannot be determined how long after the adjournment it was until the bills were signed. It is said that there is a presumption that the bills of exceptions were signed within the proper time. Whether there is such presumption or not, we need not say, because the agreement between the parties is made a part of the record certifying the bills, and is sufficient to rebut such presumption if it should exist. This agreement shows the bills were not signed and certified to the clerk within thirty days after the adjournment of the term, and it also shows that the agreement was not signed until after the expiration of thirty days from the adjournment of the term. It expressly appears therefrom that the bills were not delivered to the judge until after the thirty days had expired, and that then it was stipulated that they might be signed and made a part of the record, as if done within thirty days. The defendant, however, as we have observed, contends that we cannot look to this agreement. Suppose we cannot do so, and it follows, as is claimed by the plaintiff in error, that the bills were signed within thirty days, and are thereby a part of the record. Then by the same order making the bills of exceptions a part of the record the agreement is likewise exhibited and made a part of the record, from which it appears that the bills were not properly signed, so as to be considered. So, as will be seen, we cannot avoid looking to the agreement which the defendant has brought into the case. And not only is this so, but it is not essential that this agreement should be made a part of the record. There is no reason why the parties could not agree the fact here and now that the bills were not signed within thirty days after the adjournment. This they have done, and the

agreement is brought here by the defendant, which is not denied, nor in any way controverted. To treat it is as no part of the record, and not consider it for any purpose, then the bills, according to the defendant's contention, are a part of the record, but when we do consider the stipulation, then it shows that the bills are not a part of the record. Therefore, we must consider it, and. when we do so, we find that the bills of exceptions were not signed and certified and made a part of the record, within thirty days, and this not having been done, they cannot be treated as a part of the record, and we therefore affirm the judgment of the circuit court.

*Affirmed.*